## SCHIPPACASSE v BRANDT et

Ohio Appeals, 9th Dist, Summit Co

No 2276. Decided March 29, 1934

Gottwald, Breiding, Hershey & Hinton, Akron, for plaintiff, and defendant Margaret R. Schippacasse, individually and as administratrix of the Estate of Louis Schippacasse, deceased.

Nicola & Horn, Cleveland, and Robert Guinther, Akron, for defendant Louise Brandt, individually and as administratrix w. w. a. of the Estate of Anthony Schippacasse, deceased.

## OPINION

By STEVENS, J.

We find that the interest of each of the deceased brothers was an undivided one-third, as was that of Edward Schippacasse, and that the legal title to said undivided interests rests in the heirs or trustees of said decedents, and in the grantee of Edward; Louise A. now holding the legal title to Edward's interest, Margaret R. the interest of Louis, and Louise Brandt, as trustee, the interest of Anthony. All of said interested persons are parties to this action.

The entire controversy herein centers about the question of accounting.

In the Court of Common Pleas, much testimony was introduced tending to show indebtedness claimed to be owing from Louis to Anthony, which did not grow out of the ownership of the property sought to be partitioned.

It is our understanding that only those equities arising from the joint ownership of the common property may be adjusted by an accounting in a partition suit.

**47 C. J., "Partition," §478, pp. 459-460,** reads as follows:

"b. Adjustment of Claims and Equities between Parties in General—(1) General

Rule. In a suit for partition in a court of, equity, or in a court authorized to exercise equitable power in such proceeding, it is a general rule that all equities and conflicting claims existing between the parties and arising out of their relation to the property to be partitioned, * * * may be adjusted * * *."

And ibid., §479, at page 460:
"(2)    Limitations of Rule. The power of the court to adjust equities and conflicting claims on partition is subject to some limitations. * * *
"Claims not relating to common property. A further limitation of the rule is that such equities and claims cannot be adjusted when they do not relate to the common property. * * *"
(See also cases cited thereunder).

Application of the rule to the instant case eliminates all of the items discussed except those relating to principal and interest payments, and taxes, upon the property which is the subject of the action. The evidence does not warrant the conclusion that there was any trust created either expressly or by implication in favor of Anthony or his estate, in the distributive shares of plaintiff or the estate of Louis Schippacasse.

We have carefully read the record herein and considered all of the exhibits, and it is our conclusion that the evidence does not warrant a finding that there is anything owing from the plaintiff or the estate of Louis to Anthony's estate, by reason of payments made by Anthony upon the purchase price of the premises sought to be partitioned, the court being of the opinion, from a consideration of all of the competent evidence, that it is more probable to conclude that the original owners, by their various dealings, adjusted between themselves all matters relating to principal payments, during their lifetime.

The evidence does, however, tend to establish that interest payments on the mortgage, and tax payments, were made by Anthony for the benefit of the common owners in the amount of $12,665.05, which it is more probable to conclude had not been adjusted by the dealings of the parties.

As against those disbursements, receipts by Anthony of $8060, income from said premises, up to September, 1930, are admitted, and, from the evidence, it is more probable that said receipts were not adjusted.

We believe that the equities of the parties will be subserved by deducting the receipts from the disbursements, and making each of the co-owners liable for one-third of the balance remaining.

It is accordingly ordered that the plaintiff and the estate of Louis Schippacasse each stand charged with the sum of $1535.02, payable to the estate of Anthony Schippacasse from the distributive share of each arising from the sale of said premises and remaining after the payment of lien claimants, the same to be in full settlement of all claims against said parties by said estate, growing out of the common ownership of the premises partitioned; this order, however, to have no effect upon other claims, if any, not connected with the ownership of the premises in question.

Exceptions granted to all parties hereto.

WASHBURN, PJ, and FUNK, J, concur in judgment.