WESTRICK, APPELLEE, *v.* UNTERBRINK ET AL.,
APPELLANTS.

(No. 373—Decided April 5, 1950.)

*Mr. Louis R. Young* and *Mr. C. W. Fawcett,* for appellee.

*Messrs. Taylor, Cruey & Kalb* and *Messrs. Warren & Weaver,* for appellants.

GUERNSEY, P. J. This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Putnam County.

The action was instituted in the Common Pleas Court by the appellee, Louisa Westrick, who will be hereinafter referred to as the plaintiff, for the partition of two parcels of real estate in which she claims to be the owner of an undivided one-fourth interest. These two parcels are contiguous and are operated together as a farm. One parcel consists of a tract of about 45 acres and is improved by a dwelling and barns. It is referred to in the testimony as "the home place," and will be herein referred to as parcel A. The other parcel is unimproved farm land consisting of about 73 acres and will be herein referred to as parcel B.

Appellants, Anna, Estella, and Mary Unterbrink, who will be herein referred to as the defendants, are alleged in plaintiff's petition to be the owners of the remaining three-fourths interest. Certain lienholders were also made parties, but no issue has been made as to their interests.

The petition of the plaintiff and the second amended answer and cross-petition of the defendants are the pleadings upon which this cause was submitted to the Common Pleas Court and to this court.

The defendants, by their second amended answer and cross-petition, take the position that the plaintiff has no interest in parcel B, or that if she has an interest in both parcels then such interest is only a fractional interest of approximately one-eighth, and seek to charge an equitable lien against any interest to which the court might find the plaintiff entitled.

The Common Pleas Court rendered judgment dismissing defendants' cross-petition, determining that plaintiff was the owner of an undivided one-

fourth interest in both parcels of real estate, and directing a partition on that basis. That is the judgment from which this appeal is taken.

Plaintiff, by her petition, as above indicated, claims to be the owner of an undivided one-fourth interest in both of the parcels by virtue of separate deeds to each parcel, each dated September 26, 1927.

By their second amended answer defendants set forth that the deeds to the two parcels were executed by Theresia Unterbrink, the mother of plaintiff and defendants, on the dates alleged in the petition, and that prior to the execution thereof their mother was indebted to the parties in certain amounts represented by promissory notes which were secured by mortgages upon the respective parcels as follows:

Parcel A

| | |
|---|---|
| Anna Unterbrink, defendant | $1,000 |
| Estella Unterbrink, defendant | 1,000 |
| Mary Unterbrink, defendant | 1,000 |
| Louisa Unterbrink, plaintiff | 1,000 |

Parcel B

| | |
|---|---|
| Anna Unterbrink, defendant | $1,330 |
| Estella Unterbrink, defendant | 1,650 |
| Mary Unterbrink, defendant | 1,020. |

It is set forth further in the second amended answer that the deeds in question were executed pursuant to an oral understanding that the property would be conveyed to plaintiff and defendants as their respective interests appeared in each parcel in the respective proportions of the sums due them, and upon the conditions (which were expressed in each of the deeds) that the four sisters would support, nurse and care for the grantor, their mother, for the remainder of her life and pay her annually at least $25; that the deed to parcel A named the four sisters as grantees, but that the deed to parcel B named only the three de-

fendants, Anna, Estella, and Mary, as grantees; that plaintiff's name did not appear as a grantee therein, although the record of the deed by inadvertence also showed the plaintiff as a grantee and by reason thereof plaintiff has no interest whatsoever in parcel B; that by virtue of the disparity in the consideration furnished, if it should be determined that plaintiff has an interest in both parcels, then her interest is limited to no more than that proportion of the total consideration furnished by her, or approximately a one-eighth interest; that plaintiff furnished no part of the care and support of the parties' mother; that she paid no part of the annuity provided; that the entire burden of fulfilling these obligations was performed by the defendants for a period of approximately 20 years, to the unjust enrichment of plaintiff; and that this indebtedness constitutes an equitable lien upon any interest plaintiff might have in the property, greater than the value of any such interest.

The defendants, by their second amended answer, deny that the deed to parcel B conveyed any interest in that parcel to plaintiff.

By their cross-petition, defendants seek to quiet their title in the real estate in question against any claim of the plaintiff, and further offer to refund to plaintiff the amount advanced by her should the court determine that plaintiff is entitled to such refund.

The matter set forth in the second amended answer and cross-petition is, in general, denied by the reply.

The questions presented by the pleadings are:

1. Was plaintiff named as a grantee in the deed to parcel B?

2. If she was named as a grantee in the deed to parcel B as well as in the deed to parcel A, what interest was conveyed to her?

3. Do the defendants have a lien upon the interest

of plaintiff in the real estate by virtue of their performance of the obligation to their mother set forth in the deeds?

The following facts are established by the evidence:

On and prior to June 2, 1927, and until her conveyance thereof on September 26, 1927, title to both parcels was vested in Theresia Unterbrink, the mother of plaintiff and the defendants. On June 2, 1927, the mother executed and delivered to each of her four daughters, the plaintiff and the three defendants, her separate promissory notes, promising to pay to each of them the sum of $1,000. The notes were secured by a mortgage to the four daughters upon parcel A, recorded in volume 96 of the Putnam county records of mortgages at page 205. On the same day the mother, Theresia, executed and delivered to three of her daughters, the defendants, promissory notes as follows: To Estella $1,650, to Anna, $1,330, and to Mary $1,020. These notes were secured by a mortgage to the three daughters upon parcel B recorded in volume 96 of the Putnam county records of mortgages at page 203. No question is raised as to the validity of these obligations and of the mortgages securing the same. The amounts of the liens with reference to the two parcels were, therefore, as follows:

|  | Parcel A | Parcel B |
|---|---|---|
| Mary (defendant) | $1,000 | $1,020 |
| Estella (defendant) | 1,000 | 1,650 |
| Anna (defendant) | 1,000 | 1,330 |
| Louisa (plaintiff) | 1,000 | --- |
|  | $4,000 | $4,000 |

It is to be noted that upon the giving of these mortgages, plaintiff had no interest whatsoever in parcel B, but was secured for her advance or loan of $1,000 by a lien only on parcel A, that the total indebtedness

to the daughters aggregated $8,000, and that plaintiff's claim was for only $1,000 or one-eighth.

On September 26, 1927, the mother, for the purpose of better securing the indebtedness to her four daughters and of obtaining their promise and agreement to care for and support her, executed and delivered the deeds by which plaintiff claims title, and simultaneously releases of the mortgages were executed by the respective mortgagees therein named.

The record of the deeds as made by the recorder shows that plaintiff, as well as the defendants, was named as a grantee in the deed to parcel B. The deeds have been lost and cannot be found. However, one of the deeds was prepared by the witness Ferd Unterbrink and the other by Frank Gminer (who is since deceased) under the direction of Ferd Unterbrink.

Ferd Unterbrink testified that he read both deeds after they were prepared and that the deed to parcel A contained the names of all four daughters as joint grantees; but that the deed to parcel B contained only the names of Anna, Estella, and Mary, and that plaintiff's name did not appear thereon.

Both deeds contained provisions to the effect that the grantees should ''pay the outstanding debts contracted by said grantor not to exceed $200 total,'' and should ''furnish and provide for said grantor the necessarys [sic] of life and care for and nurse said grantor in sickness and pay her annually at least $25.'' Of these obligations, plaintiff admitted that she fulfilled only a negligible part.

The obligation was fulfilled by her three sisters, the defendants. At the time the deeds were given, plaintiff was teaching school and the only services she rendered, according to her own testimony, was help in the periodic house cleanings and driving the automobile

three miles to a grocery store once a week. These services continued only until she married and left home about two years later. She admitted that she did nothing thereafter to care for or support her mother except on one occasion when she spent a week-end at the home while her mother was ill. She admitted further that she made no payments either with reference to her mother's debts or the $25 per year charge. Thus, the entire burden of caring for plaintiff's mother, which extended over a period of about 19 years, fell upon her sister Mary who remained at the home at all times, and upon Anna and Estella who, although working in Toledo at the time the deeds were executed, returned home shortly thereafter and remained upon the farm. The services rendered by these three sisters consisted of housekeeping, nursing and caring for their mother, taking care of and milking the cows, taking care of and feeding the hogs, and doing the other usual chores about the farm.

The plaintiff testified as a witness on her own behalf as to matters occurring prior to the death of her mother, and upon cross-examination by defendant's counsel testified, among other things, that the purpose of the deeds was to secure her $1,000 advance to her mother, and that "the idea was to get my $1,000." In other words, she was being given security in the form of a conveyance for the $1,000 advanced. This testimony was received without objection by any party, but later, during the progress of plaintiff's cross-examination, her counsel objected to her answering further questions on the ground that she was inhibited from testifying as to matters occurring prior to her mother's death by reason of the provisions of Section 11495, General Code.

We will discuss the questions raised by the pleadings and evidence in the order in which they are herein-

before stated, after discussing the admissibility of the testimony of the plaintiff hereinbefore referred to.

The testimony of the plaintiff developed upon her cross-examination was properly received, as the plaintiff, by offering herself as a witness and testifying as to matters occurring prior to the death of her mother, under whom she claims title, waived any right to claim immunity from testifying under the provisions of Section 11495, General Code, and subjected herself to an examination in the same manner as any other witness.

Furthermore, her testimony concerning which complaint is made was received without objection at the time it was given, and the objection by her counsel made after the receipt of this testimony did not affect its competency.

■ Was plaintiff named as a grantee in the deed to parcel B?

The certified copy of the record of the deed shows that she was. This is contradicted only by the testimony of Ferd Unterbrink who testified from recollection. We find that this testimony is insufficient to overcome the prima facie evidence of the execution of the instrument that arises from its record. The above question is, therefore, answered in the affirmative.

■ If plaintiff was named as a grantee in the deed to parcel B, as well as in the deed to parcel A, what interest was conveyed to her?

The defendants contend that since plaintiff testified that the purpose of the deeds was to secure her $1,000 advance to her mother, and "the idea was to get my $1,000," the deeds are to be considered as mortgages securing the indebtedness due the plaintiff and defendants from the mother, which debts had been secured by the real estate mortgages.

Such construction of the deeds might be proper if

the deeds were not, in terms, based on a further consideration moving to the mother, to wit, the provisions as to the support, care and nursing of the mother to be furnished by the grantees. These provisions conclusively show that the deeds were not given merely for security for the indebtedness, and consequently the rules of law applicable to deeds given as security are not applicable to the deeds in question. This contention of the defendants is, therefore, without merit.

The defendants contend further that the consideration for the deeds was the indebtedness owing to them and the plaintiff, severally, by their mother, as disclosed by the real estate mortgages, and that by reason thereof a trust in the real estate conveyed arose in favor of the grantees in proportion to the parts of the purchase price paid by each of them, in conformity with the rule stated in Section 454 (f) of the Restatement of the Law of Trusts, as exemplified in illustration (5) of the application of such rule.

This contention would be well taken except for the fact that the consideration for the deeds consisted not only of the indebtedness mentioned, but the joint obligation of the grantees to support, care for and nurse the grantor, the value of which obligation and the proportion it bore to the total purchase price being entirely speculative and not determinable at the time the deeds were made; and the further fact that, the share thereof to be furnished by each of the grantees not being specified, each grantee was equally obligated to furnish the same, regardless of the amount of the indebtedness owing by each of the grantees to the mother.

For the reasons mentioned, the interest conveyed to the plaintiff by the deeds, as appears from the record thereof, the respective interests of the grantees not being specified, was the undivided one-fourth of both parcels of real estate.

■ Do the defendants have a lien upon the interest of plaintiff in the real estate by virtue of their performance of the obligation of themselves and the plaintiff to their mother, set forth in the deeds?

As hereinbefore noted, both of the deeds in question contained an express condition requiring the parties to care for and support the grantor for life and to pay her annually at least $25. This condition was binding upon plaintiff as well as the defendants, it being a general rule of law that where a grantee accepts a deed he is bound by the conditions contained in the deed as effectually as if he had signed and sealed the instrument. 13 Ohio Jurisprudence, 958, Section 144; *Hickey* v. *Railway Co.*, 51 Ohio St., 40, 36 N. E., 672, 46 Am. St. Rep., 545, 23 L. R. A., 396; *Miller* v. *Lake Shore & Michigan Southern Ry. Co.*, 88 Ohio St., 499, 103 N. E., 374.

It is admitted by the plaintiff that she furnished practically nothing in caring for and supporting her mother and paid none of the obligations assumed by the grantees in the deeds, and it appears from the evidence of other witnesses that the obligations of the grantees in the deeds were performed by the defendants over a period of approximately 19 years.

The rule is well established that where two or more are under a joint obligation and one discharges the whole he is entitled to contribution from the other. The doctrine of contribution rests upon the broad principle that where one has discharged a debt or obligation which others were equally bound with him to discharge, and thus removes a common burden, the others who have received the benefit ought, in good conscience, to refund to him a ratable proportion. *Robinson* v. *Boyd,* 60 Ohio St., 57, 53 N. E., 494 (also opinion of Circuit Court, *Boyd* v. *Robinson,* 13 C. C., 211); *Baltimore & Ohio Rd. Co.* v. *Walker,* 45 Ohio St., 577; *Terry*

v. *Claypool,* 77 Ohio App., 87, 65 N. E. (2d), 889; 2
Pomeroy's Equity Jurisprudence (5 Ed.), Section 407;
9 Ohio Jurisprudence, 246, Contracts, Section 10;
9 Ohio Jurisprudence, 666, Contribution, Section 4.

Under this rule the defendants are entitled to con-
tribution from the plaintiff for the value of the various
things done by them in the performance of the joint
obligation of themselves and plaintiff.

As the performance of such obligation by the de-
fendants constituted a portion of the purchase price
of the parcels of real estate in question they are en-
titled to an equitable lien upon the undivided one-
fourth interest conveyed to plaintiff by such deeds to
secure the amount of the contribution due to them
from plaintiff.

Liens of this character are generally recognized and
enforced in equity. 16 Ohio Jurisprudence, 226, Sec-
tion 97; 37 Corpus Juris, 321, Liens, Section 27; 4
Pomeroy's Equity Jurisprudence (5 Ed.), Sections
1239, 1240 and 1243.

Such a lien was especially recognized and enforced
in the case of *Hicks* v. *Bool,* 21 C. C. (N. S.), 346, 33 C.
D., 355. See, also, *Goudy* v. *Goudy,* Wright, 410.

From the evidence in this case, the court finds:

1. That the plaintiff and the defendants, as tenants
in common, are each seized in fee simple of an undivid-
ed one-fourth interest in the parcels of real estate de-
scribed in the petition herein, and that each is en-
titled to one-fourth of the proceeds of the sale thereof,
subject to the payment of costs, taxes and liens there-
on and on their respective interests therein.

2. That there is due from Anna Unterbrink,.
Mary Unterbrink, Louisa Unterbrink Westrick,
Leo Westrick, and Estella Unterbrink, to the
defendant The First National Bank of Ottawa, on the
promissory note mentioned and described in the an-

swer and cross-petition the bank filed herein, the amount set forth in such answer and cross-petition, and that such amount constitutes the first and best lien upon the real estate described in the bank's answer and cross-petition.

3. That the allegations contained in the answer of Edward J. Siefker are true, and that there is due him from the defendant Estella Unterbrink, on the judgment described in the answer, the sum therein set forth, and that such amount constitutes a lien on the undivided one-fourth interest of Estella Unterbrink in the real estate described in the petition, subject to the lien of The First National Bank of Ottawa upon the real estate hereinbefore mentioned.

4. That there is due the defendants Anna, Estella, and Mary Unterbrink, from the plaintiff, Louisa Westrick, as plaintiff's contribution to defendants' fulfillment of the joint obligation of the grantees under the deed conveying the real estate to plaintiff and defendants, the sum of $1,000, which the court adjudges and decrees to be a lien upon the undivided one-fourth interest of the plaintiff in the real estate, which lien is subordinate to the lien of The First National Bank of Ottawa on such real estate.

It is therefore ordered, adjudged, and decreed by the court that the real estate be partitioned and sold as prayed for in the petition, and that out of the proceeds thereof remaining after the payment of costs and the taxes which are a lien thereon, the several liens thereon be paid in the order of priority hereinbefore set forth, the lien of the bank being paid out of the whole of the proceeds of the tract which is covered by its lien, and the lien of the defendant Edward J. Siefker being paid out of the proceeds of the interest of Estella Unterbrink in such real estate, and the lien of the defendants Anna, Estella, and Mary Unterbrink

being paid out of the proceeds of the interest of the plaintiff, Louisa Westrick, in the real estate, and that the balance of the proceeds be paid and distributed to the plaintiff and the defendants Anna, Estella, and Mary Unterbrink, in the amounts to which they are respectively entitled under this judgment and decree, after the payment of costs, taxes and liens.

It is further ordered, adjudged, and decreed that this cause be remanded to the Common Pleas Court for further proceedings in connection with the carrying out and execution of this judgment and decree.

*Judgment accordingly.*

MIDDLETON and JACKSON, JJ., concur.