In re Jacob F. BUTCHER, a/k/a Jake F. Butcher, Jake Butcher, and JFB Petroleum & Land Company, Inc., Debtor.

John H. BAILEY, III, Trustee, Plaintiff,

v.

METZGER, SHADYAC & SCHWARZ, a partnership, and Maguire, Voorhis & Wells, P.A., Defendants.

METZGER, SHADYAC & SCHWARZ, Cross-Claimant,

v.

MAGUIRE, VOORHIS & WELLS, P.A., Cross-Defendant and Third-Party Plaintiff,

v.

LACY & WINCHESTER; Daniel, Claiborne & Lewallen; Troutman, Sanders, Lockerman & Ashmore, Third-Party Defendants.

Bankruptcy No. 3–83–01036.
Adv. No. 3–85–1221.

United States Bankruptcy Court, E.D. Tennessee.

April 15, 1987.

Bass, Berry & Sims, Wallace W. Dietz, Nashville, Tenn., for plaintiff.

Metzger, Shadyac & Schwarz, Richard C. Shadyac, Sr., Joseph H. Lahoud, Jr., Richard C. Shadyac, Jr., Charles R. Corbin, Jr., Washington, D.C., pro se.

Jules S. Cohen, P.A., Jules S. Cohen, Orlando, Fla., Arnett, Draper & Hagood, Jack B. Draper, Knoxville, Tenn., for Maguire, Voorhis & Wells, P.A.

Claiborne, Davis, Buuck & Hurley, David L. Buuck, D. Scott Hurley, Knoxville, Tenn., for Daniel, Claiborne & Lewallen.

Lacy & Winchester, J. Michael Winchester, Knoxville, Tenn., pro se.

Troutman, Sanders, Lockerman & Ashmore, Ezra H. Cohen, Mary Grace Diehl, Atlanta, Ga., David L. Buuck, Knoxville, Tenn., for Troutman, Sanders, Lockerman & Ashmore.

RICHARD STAIR, JR., Bankruptcy Judge.

At issue is whether an agreement to render future legal services for the debtor's wife and children in exchange for a $50,000.00 prepetition transfer by the debtor constitutes value in the context of 11 U.S.C.A. § 548 (West 1979) (Fraudulent transfers and obligations). Seeking to avoid the transfer, the plaintiff trustee contends a promise to perform future services is not within the scope of "value" as defined in 11 U.S.C.A. § 548(d)(2)(A) (West 1979). Defendant law firms insist the debtor's duty of support includes an obligation to pay his wife's legal fees and that the debtor did receive value in exchange for the challenged transfer.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(E) and (H) (West Supp.1987).

### I

On June 29, 1983, an involuntary petition was filed against Jacob F. Butcher a/k/a Jake Butcher (the debtor). An order for relief under Chapter 7 was entered on August 22, 1983. The election of John H. Bailey, III, as trustee was approved by the court on September 30, 1983. Of significance to this proceeding, on March 7, 1985, after finding that JFB Petroleum & Land Company, Inc. (JFB) was merely an alter ego of the debtor, this court entered Order No. 103 providing for the amendment of the caption and the administration of the assets and liabilities of JFB as part of the debtor's case.

On September 27, 1985, the trustee filed his complaint naming two law firms, Metzger, Shadyac & Schwarz (Metzger) and Maguire, Voorhis & Wells, P.A. (Maguire), as defendants.[1] The trustee alleges that on March 3, 1983, the debtor wire transferred $50,000.00 to Metzger from a JFB account at City & County Bank of Union County; that Metzger wire transferred $25,000.00 on August 23, 1983, and $15,000.00 on September 13, 1983, to Maguire; that the $40,000.00 transferred by Metzger to Maguire represents a portion of the $50,000.00 transferred to Metzger by the debtor; and that the $40,000.00 transferred to Maguire was used to pay legal expenses incurred by the debtor's wife, Sonya Butcher, also a Chapter 7 debtor.[2] The trustee asserts he is entitled to avoid the $50,000.00 transfer to Metzger as a fraudulent transfer, 11 U.S.C.A. § 548(a)(1) and (2) (West 1979). Alternatively, the trustee maintains Metzger knew, or should have known, an involuntary petition had been filed against the debtor and thus Metzger must turn over and account to the trustee the sum of $50,000.00, pursuant to 11 U.S.C.A. § 542(a) (West 1979). Additionally, the trustee contends 11 U.S.C.A. § 550(a) (West 1979) entitles him to judgment in the amount of $40,000.00 against Maguire.

### II

On July 18, 1986, the trustee filed his motion for summary judgment against Metzger, contending he is entitled to avoid

---

1. Metzger's offices are in Washington, D.C.; Maguire's offices are located in Orlando, Florida.

2. An involuntary petition was filed against Sonya Butcher on September 9, 1983, in this court. An order for relief under Chapter 7 was entered on March 28, 1984. See Case No. 3–83–01422.

the $50,000.00 transfer pursuant to § 548(a)(2),[3] which enacts in part:

*Fraudulent transfers and obligations*

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

. . . . .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

. . . . .

11 U.S.C.A. § 548(a) (West 1979).

Both Metzger and Maguire oppose the trustee's motion for summary judgment.[4]

■ To avoid the $50,000.00 transfer to Metzger pursuant to § 548(a)(2) the trustee must establish four elements: (1) a transfer of property of the debtor; (2) an exchange for less than reasonably equivalent value; (3) the debtor must have been insolvent on the date the transfer was made or rendered insolvent as a result of the transfer; and (4) the transfer occurred within one year preceding the petition date. Undisputedly, the $50,000.00 transfer occurred within the one-year time period preceding the debtor's bankruptcy. Also, there is no dispute that the debtor was insolvent at the time of the transfer. The trustee's affidavit averring that as of the transfer date (March 3, 1983) the debtor had a negative net worth of nearly $44,-000,000.00, excluding contingent liabilities, is unchallenged.

■ Metzger and Maguire do contend that the $50,000.00 transferred to Metzger represented joint funds of the debtor and Sonya Butcher. According to the debtor's deposition testimony, he considered the $50,000.00 to be property owned jointly with his wife Sonya. However, the debtor further testified: "I always considered ever since I have been married, anything I had was half hers."[5] Sonya Butcher has no personal knowledge of the $50,000.00 transfer to Metzger; she does not know whether the funds were hers or the source of the funds. A debit memo from City & County Bank of Union County reflects a $50,000.00 wire transfer to account #31053203 at Virginia National Bank-Norfolk on March 3, 1983. Metzger admits its account at Virginia National Bank was so credited.[6] The debit is against an account of JFB at City & County Bank of Union County. As JFB was the debtor's alter ego, the monies in the JFB account were the sole property of the debtor.[7]

The only remaining element—an exchange for less than reasonably equivalent value—is strenuously disputed. Asserting that the debtor received value, Metzger and Maguire maintain legal services are a necessity and that a husband's duty to support his wife and children includes an obligation to pay their legal fees. The trustee insists the debtor's intervening bankruptcy

---

3. Alternatively, the trustee requests summary judgment pursuant to § 542(a), contending that Metzger should have turned over any monies received from the debtor. The court need not address the trustee's alternative contention.

4. Maguire opposes the motion because § 550(a) provides that to the extent a transfer is avoided under § 548 the trustee may recover the property transferred, or the value of such property, from (1) the initial transferee [Metzger] or (2) any immediate or mediate transferee of such initial transferee. While Maguire admits receiving $40,000.00 from Metzger, Maguire denies any liability under § 550(a), insisting it took for value, in good faith, and without knowledge of the voidability, if any, of the $50,000.00 transfer

from the debtor to Metzger. See 11 U.S.C.A. § 550(b) (West 1979).

On July 18, 1986, asserting § 550(b) as a defense, Maguire filed a motion for summary judgment against the trustee. Because a pre-trial order entered August 28, 1986, continues indefinitely the response time to Maguire's motion, pending resolution of the trustee's motion, the court defers decision on Maguire's motion. A response time will be fixed.

5. Deposition of Jake F. Butcher at 32.

6. See Deposition of Richard C. Shadyac at 9.

7. To her knowledge Sonya Butcher never had any interest in JFB. See Deposition of Sonya Butcher at 12.

petition prevents the debtor from using prepetition assets to pay future obligations.

Section 548 of the Bankruptcy Code contains a specific definition of "value":

"[V]alue" means property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor....

11 U.S.C.A. § 548(d)(2)(A) (West 1979). Under this definition, value "excludes future considerations, at least to the extent not actually performed." 4 *Collier On Bankruptcy*, ¶ 548.07 at 548–73 (15th ed. 1987).

Metzger's agreement to perform future legal services on behalf of the debtor's family is outside the scope of "value" as defined in § 548. Metzger did bill the debtor $1,266.15 and $1,614.29 for professional services and expenses during March and May 1983. Additionally, Metzger drew $7,000.00 from the $50,000.00 retainer. However, Metzger cannot describe the services performed on behalf of the debtor.[8] Taking into account the $40,000.00 transferred to Maguire, the balance of the $50,000.00 retainer held by Metzger is only $119.56.

In ruling on the trustee's motion for summary judgment, the court is not persuaded that the debtor did not receive value in exchange for the $9,880.44 Metzger drew against the $50,000.00 retainer. On the other hand, the court also is not persuaded that the debtor did receive reasonably equivalent value.

The $40,000.00 forwarded to Maguire in two transfers is a different matter. Although Metzger insists it transferred the $40,000.00 to Maguire at its client's instruction, the fact remains the debtor's estate received nothing in exchange for the transfers, both of which occurred after entry of the order for relief, and many weeks after the filing of the involuntary petition, against the debtor. Metzger received $50,000.00 from the debtor; Metzger did not give reasonably equivalent value for at least $40,119.56 of that amount. Accordingly, the trustee is entitled to summary judgment against Metzger for that amount, plus pre-judgment interest at the rate of ten (10) percent per annum. See Tenn. Code Ann. § 47–14–123 (1984).

8. Ralph B. Long, the attorney at the Metzger    firm with whom the debtor dealt, is deceased.