**In re Michael A. PALERMINI, Debtor.**

**Larry E. STAATS, Plaintiff,**

**v.**

**Marietta A. PALERMINI, et al., Defendants.**

**Bankruptcy No. 2–88–00793.
Adv. P. No. 2–89–0070.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Jan. 22, 1990.

Larry E. Staats, Columbus, Ohio, trustee.

William J. Fleck, Jr., Columbus, Ohio, for Michael A. Palermini and Marietta A. Palermini.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

## ORDER AND OPINION ON COMPLAINT TO VACATE TRANSFER, TO SELL ENTIRE INTEREST IN REAL ESTATE AND TO EXCLUDE EXEMPTION CLAIM

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court after trial upon the complaint filed by the Chapter 7 Trustee (the "Trustee") seeking to vacate the transfer of the debtor's interest in certain real estate (the "Property") as a fraudulent conveyance under § 1336.04, 1313.57, and 1313.58 of the Ohio Revised Code and § 544 of the Bankruptcy Code. Should the Court determine this transfer to be voidable, the Trustee further seeks to sell the Property free and clear of all liens. In addition, the Trustee prays for a declaratory judgment that the debtor is not entitled to claim an exemption in the Property.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) which this Court may hear and determine. The following constitutes findings of fact and conclusions of law.

This matter came on for trial on October 10, 1989, following which the Court took it under advisement. At trial, the Trustee abandoned his claim under Ohio Revised Code §§ 1313.57 and 1313.58, and Michael A. Palermini ("Debtor") elected not to contest the denial of his exemption should the Trustee succeed in the claim under Ohio Revised Code § 1336.04.

## I. PRELIMINARY FACTS

On February 16, 1988, Debtor filed his voluntary petition in bankruptcy in this Court. Prior to that filing, the Debtor on September 10, 1986, executed a quitclaim deed purporting to transfer his interest in the Property, commonly known as 8150 Colonial Meadows, Westerville, Ohio, to the defendant, Marietta A. Palermini. At the time he executed his deed, the Debtor owned an undivided one-half interest in the Property. Marietta A. Palermini is the wife of Michael A. Palermini and the owner of the other undivided one-half interest in the Property. Marietta A. Palermini did not pay any money to or for the benefit of the Debtor in return for that conveyance.

The fair market value of the Property was listed as $67,000.00 on the Debtor's statement of liabilities filed in connection with his bankruptcy petition and was appraised as of October 7, 1989 by Thomas L. Johnston at between $85,000.00 and $90,000.00.

The appraiser further testified that a partition in kind of the Property is impracticable; that the sale of the Debtor's interest would bring significantly less for the estate than sale of the whole Property; and that there was no indication that the Property is involved in the production, transmission, or distribution for sale of electric energy or of natural or synthetic gas for heat, light, or power.

As of March 31, 1989, the Debtor and Marietta A. Palermini still owe $48,156.50 on a note held by Waterfield Mortgage. The note is secured by a mortgage which is

a valid and subsisting first and best lien on the Property.

Apart from his interest in the Property, the Debtor's only personal assets on September 10, 1986, consisted of various automobiles currently valued at $1,200.00, clothing currently valued at $300.00 and one-half of the parties' household goods currently valued at $750.00.

From August, 1980, to December, 1980, the Debtor was involved in a business known as Master Plumbing, Inc. The business was started by the Debtor and three other individuals, all of whom, with the exception of the Debtor, had left by June, 1986. At the time the Debtor transferred his interest in the Property, Master Plumbing, Inc. owed nearly $100,000.00 in unsecured debts for which the Debtor was personally liable. Those obligations included a judgment in favor of Famous Good Supply Co. for $3,944.84 plus interest and costs, a judgment in favor of Carr Supply, Inc. for $6,283.20 plus interest and costs, $6,856.85 owed on account to Howard's Plumbing and $21,638.22 owed to the Internal Revenue Service for unpaid withholding taxes for the third quarter of 1986. It is the existence of these unsecured creditors of the Debtor which gives rise to the Trustee's right to assert this claim under 11 U.S.C. § 544(b).

It was generally uncontested that at the time of the transfer, Michael Palermini and Marietta Palermini were experiencing marital difficulties and were living apart. Michael Palermini's brother, Steven, who is mentally retarded and epileptic, but nonetheless employed, continued to live with Marietta Palermini in the parties' residence after the transfer. By the time of the hearing, the parties had apparently resolved their marital difficulties and were again living together in the Property as husband and wife. It was also generally uncontested that in the months preceding the transfer, Marietta Palermini had been making the mortgage payments on the Property. The down payment used to purchase the Property in 1972, however, came from a life insurance policy owned by Michael Palermini.

## II. ISSUES

There are two issues before the Court for determination.

1. Was the debtor's conveyance of his interest in the Property fraudulent under § 1336.04 of the Ohio Revised Code?

2. If so, may the Trustee sell the entire interest in the Property, including the undivided one-half interest belonging to Marietta A. Palermini, pursuant to 11 U.S.C. § 363(h)?

## III. DISCUSSION

### A. *Fraudulent Conveyance Under O.R.C. § 1336.04*

Section 1336.04 provides in relevant part:

Every conveyance made ... by a person who is or will be thereby rendered insolvent is fraudulent without regard to his actual intent if the conveyance is made ... without a fair consideration.

Ohio Rev.Code Ann. § 1336.04 (Anderson 1979).

■ Thus, once a transfer has been established, this section requires proof of two elements: (1) that the person be insolvent at the time of the transfer or rendered insolvent by the transfer and (2) that the conveyance be made without fair consideration. If these two elements are present, the transfer is fraudulent as a matter of law, and neither the intent of the debtor nor the knowledge of the transferee is relevant. *Sease v. John Smith Grain Co.*, 17 Ohio App.3d 223, 226, 479 N.E.2d 284 (Darke Co.1984); *Cellar Lumber Co. v. Holley*, 9 Ohio App.2d 288, 290, 224 N.E.2d 360 (Franklin Co.1967).

The Trustee presented overwhelming evidence on the Debtor's insolvency at the time of the transfer. Plaintiff's Exhibit 3 represented judgments taken by Famous Good Supply Co. and Carr Supply, Inc. against Master Plumbing Corp., Michael A. Palermini and Anthony D. Mazolla, jointly and severally, for $3,994.84 and $6,283.20 respectively. The date of judgment in each case was August 15, 1986, less than one month before the debtor's transfer of his

interest in the Property. Plaintiff's Exhibit 5 showed that Master Plumbing Co. owed Howard's Plumbing some $6,851.15 as of September, 1986, and the Debtor acknowledged that he was the only principal left in the business at that time. The Debtor was also liable for payment of withholding taxes for Master Plumbing, Inc. for the third quarter of 1986 in the amount of $21,-633.22. Although these taxes were not assessed until September 30, 1986, it was clear at the time of the transfer that the Debtor would not be able to meet this tax obligation. Further, the Debtor admitted on cross-examination that nearly two-thirds of the $146,048.07 listed as unsecured debts on his bankruptcy schedules preceded the date of the transfer.

 The Debtor denies that he was insolvent at the time of his conveyance or that the conveyance made him insolvent. He claims that, at the time of his conveyance, he had sufficient accounts receivable to meet his obligations and that his business was still making money. He further asserts that owing bills in and of itself does not constitute insolvency, but, rather, insolvency involves the actual inability to meet one's obligations and/or liabilities. As this action is based upon Ohio law, that state's law should be examined for a definition of insolvency.

Section 1336.02 of the Ohio Revised Code states as follows:

> A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liabilities on his existing debts as they become absolute and matured.

Ohio Rev.Code Ann. § 1336.02 (Anderson 1979).

 This definition goes beyond the concept of legal insolvency and even beyond the concept of equitable insolvency (which the Debtor apparently urges) and includes the financial condition of a debtor who has incurred unmatured debts to such an extent that he will not be able to meet them when they become absolute and matured. *Cellar Lumber Co. v. Holley*, 9 Ohio App.2d 288, 290–91, 224 N.E.2d 360 (Franklin Co.1967). Moreover, once the Trustee has made a prima facie showing of insolvency, the burden to produce persuasive evidence showing solvency shifts to the Debtor, as the transferor of the Property. *See Toledo Trust Co. v. Poole (In re Poole)*, 15 B.R. 422, 429 (Bankr.N.D. Ohio 1981); *Oliver v. Moore*, 23 Ohio St. 473 (1872); *Cardiovascular & Thoracic Surgery of Canton, Inc. v. DiMazzio*, 37 Ohio App.3d 162, 524 N.E.2d 915 (Stark Co. 1987). In this case, the Debtor has failed to adduce substantial evidence of his solvency and, in the face of overwhelming evidence to the contrary, the Court must conclude that the Debtor was insolvent on September 10, 1986.

The Trustee also established that the defendant, Marietta A. Palermini paid no sum of money to or for the benefit of Michael A. Palermini in exchange for his interest in the Property. On this basis alone, the Trustee claims that the conveyance was without fair consideration. The Trustee further claims that because certain "badges of fraud" were incident to the transfer, the burden of showing fair consideration shifted to the transferee, Marietta A. Palermini, and that she failed to sustain this burden. These alleged "badges of fraud" included the insolvency of Michael A. Palermini, the spousal relationship between the parties and the threat or pendency of litigation. For this proposition, the Trustee relies on *Cardiovascular*, 37 Ohio App.3d at 165–67, 524 N.E.2d 915.

Both defendants deny that there were any "badges of fraud" in connection with the transfer and further assert that there was adequate consideration. According to the defendants, three factors support their claim that there was adequate consideration for the transfer: (1) the parties were having marital difficulties and the transfer was made in lieu of anticipated alimony, (2) the parties were living apart and Marietta A. Palermini was continuing to care for Michael Palermini's brother, who is physically and mentally handicapped and (3) Marietta A. Palermini had been making all of the mortgage payments on the Property. The Trustee generally does not dispute the

existence of these factors, but contends that neither singularly nor in combination do they constitute fair consideration.

Section 1336.03 of the Ohio Revised Code defines "fair consideration" in relevant part as follows:

Fair consideration is given for property . . .

(A) when in exchange for such property . . . as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied; or

(B) when such property . . . is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value or the property . . . obtained.

Ohio Rev.Code Ann. § 1336.03 (Anderson 1979).

The Court will examine each of the factors advanced by the defendants to determine whether or not it may constitute fair consideration for the conveyance.

### 1. Transfer of Property in Lieu of Divorce

■ The defendants assert that the parties were seriously contemplating a divorce, and that Marietta A. Palermini's forbearance from instituting a divorce action was valid consideration for Michael Palermini's conveyance to her of his interest in the Property. Although the defendants cited no case law for this proposition, it appears that *Whitacre v. Redmond,* 8 Ohio Law Rep. 165, 24 Ohio Dec. 207 (Hamilton Co. C.P.1910), may offer some support. In *Whitacre,* the Hamilton County Common Pleas Court held:

An agreement on the part of a wife to refrain from bringing an action against her husband for divorce and alimony constitutes a sufficient consideration for a conveyance of property by him to her, and such a conveyance will not be set aside where the wife was not aware at the time the conveyance was made of any fraudulent intent on the part of the husband with respect to creditors.

*Id.* at syllabus.

However, as the Court in *Toledo Trust Co. v. Poole (In re Poole)* pointed out,

*Whitacre* did not arise under Chapter 1336 of the Ohio Revised Code and the decision is not necessarily consistent with the definition of "fair consideration" found in § 1336.03. 15 B.R. 422, 430 (Bankr.N.D. Ohio 1981). Therefore, the decision is not binding on this Court. The Court agrees with *Poole* that the better reasoned approach is that as against creditors, a wife's refrain from a divorce is not valid consideration for the transfer of property from the husband to the wife. *Id.* at 430-31. Accordingly, Marietta Palermini's forbearance from instituting an action for alimony or divorce was not fair consideration for the conveyance of her husband's interest in the Property.

### 2. Caring for the Debtor's Brother

■ The defendants also contend that an oral agreement on the part of Marietta Palermini to care for her husband's brother was adequate consideration for the conveyance. The brother is mentally retarded and epileptic, but nevertheless has been employed for the past 3-4 years. Until recently, the brother received social security benefits in addition to his earned income.

The basis for the defendant's claim is that Michael Palermini has a legal and moral obligation to care for his brother and that Marietta Palermini undertook such obligation in exchange for his interest in the Property. Although it is stated in the defendants' memorandum that Michael Palermini is his brother's guardian, there was no evidence adduced at trial that any such legal relationship existed between them. Therefore, it appears to the Court that the debtor had only a moral obligation toward his brother, and that Marietta Palermini's assumption of this moral obligation was not fair consideration for her husband's property. *See Whitlock v. Hause (In re Hause),* 13 B.R. 75, 79 (Bankr.D.Mass. 1981), *aff'd,* 694 F.2d 861 (1st Cir.1982).

### 3. Mortgage Payments

The defendants further contend that in the months preceding the conveyance, Marietta Palermini made all of the mortgage

payments on behalf of both parties. This, according to the defendants, was fair consideration because such payments on behalf of Michael Palermini constituted an antecedent debt owed by him to his wife.

There is a presumption under Ohio law that when a wife makes advancements to her husband which result in mutual benefit, she has no claim against him unless there is an express promise to repay. 47 O.Jur.3d 328, Family Law § 820. There is no question that the mortgage payments were mutually beneficial to both Marietta Palermini and the Debtor due to their joint obligation. Nor did the defendants contend that the Debtor had promised to repay her for such expenditures made on his behalf. In light of these facts and the failure of the defendants to rebut this presumption, the Court concludes that no antecedent debt existed as between the parties. Therefore, the making of the mortgage payments by the defendant Marietta Palermini cannot, as a matter of law, constitute fair consideration for the Debtor's interest in the Property.

In addition, it was not shown that any equity in the Property Marietta Palermini may have built up through her mortgage payments exceeded the Debtor's contribution to the down payment used to purchase the Property. Nevertheless, Marietta Palermini might still assert a right of contribution against the Debtor for the interest payments. *Schippacasse v. Brandt,* 17 Ohio Abs. 188 (Summitt Co. Ct.App.1934). Such a right, however, would usually be enforceable as part of a partition proceeding. *See e.g., id.; Westrick v. Unterbrink,* 90 Ohio App. 283, 105 N.E.2d 885 (Putnam Co.1950). In this case, any right of contribution or adjustment to which the defendant is entitled will be adequately protected by 11 U.S.C. 5363(j) which provides that in the event of a sale by the Trustee of both the estate's interest and the interest of a co-owner, the proceeds will be distributed to the estate and to the co-owner according to their interests. *See Whitlock v. Hause,* 694 F.2d 861, 869 (1st Cir.1982).

The Court finds that none of the factors advanced by the defendants constituted fair consideration for the debtor's conveyance of his interest in the Property. The Trustee established a lack of monetary consideration for the transfer and the defendants failed to produce convincing evidence of valid non-monetary consideration.

Based on the foregoing, the Court finds that the conveyance by Michael Palermini of his interest in the Property to Marietta Palermini was fraudulent as to his creditors within the meaning of Ohio Revised Code § 1336.04, and hence voidable under applicable Ohio law. Pursuant to § 544 of the Bankruptcy Code, the Trustee may avoid the transfer.

### B. *Sale of Property Free and Clear of Non–Debtor's Interest*

The Trustee further seeks to sell the entire Property, including the undivided one-half interest of defendant Marietta Palermini, free and clear of all liens. Section 363(h) of the Bankruptcy Code provides in relevant part:

... the trustee may sell both the estate's interest.... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

The Trustee introduced substantial evidence, by way of the appraiser's testimony and report, as to requirements (1), (2) and

(4) of § 363(h) and such evidence was not rebutted by the defendants. Accordingly, the Court finds that these requirements are met. The Court further finds that the sale of the Property would significantly benefit the estate, and that, in the absence of any particular showing of detriment to the defendant Marietta Palermini, the benefit to the estate outweighs any detriment to the defendant.

## IV. CONCLUSION

Based upon the foregoing, judgment is granted in favor of the Trustee on his First, Third and Fourth Causes of Action. Judgment is granted in favor of the defendants, Marietta A. Palermini and Michael A. Palermini, on the Trustee's Second Cause of Action. Accordingly, it is adjudged that the Trustee may avoid the transfer of the Debtor's interest in the Property and may sell the Property pursuant to § 363 of the Bankruptcy Code free of the interest of Marietta A. Palermini. The Debtor's claim of an exemption is also denied.

IT IS SO ORDERED.