**In re Gregory McDOWELL.**

**Elizabeth VAUGHAN, Trustee, Plaintiff,**

**v.**

**Donna McDOWELL, Defendant.**

**Bankruptcy No. 93–30749.
Adv. No. 93–3211.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Oct. 6, 1994.

Jane Lackey, Balk, Hess, & Miller, Toledo, OH, for Donna McDowell.

Gregory McDowell, pro se.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AVOIDING FRAUDULENT TRANSFER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon Trustee Elizabeth Vaughan's (the "Trustee") motion for summary judgment against Donna J. McDowell ("DJM") on the Trustee's complaint to avoid an alleged fraudulent transfer pursuant to 11 U.S.C. § 548 to which DJM has filed a response. DJM has filed a motion to dismiss the Trustee's motion for summary judgment as a sanction for the Trustee's purported failure to comply with certain time parameters set forth in the Trustee's status report filed with the Court. The Court finds that DJM's motion to dismiss is not well taken and should be denied. The Court further finds that the Trustee's motion is well taken and should be granted.

### FACTS

The debtor Gregory McDowell (the "Debtor") filed a petition under chapter 7 of title 11 on March 15, 1993 (the "Petition Date").

DJM is the Debtor's wife.

The Trustee seeks to avoid the Debtor's October 23, 1992 transfer to DJM of his interest in the residence occupied by the Debtor and DJM (the "Home") by quit-claim

deed (the "Transfer") as a fraudulent transfer pursuant to 11 U.S.C. § 548. *See* Trustee's Exhibit A–3, Quit–Claim Deed.

The Debtor and DJM purchased the Home in 1987 as joint tenants with right of survivorship.

The Home was appraised at $55,000.00 in February, 1994. Farmer's State Bank holds two mortgages on the Home. These mortgages totaled $34,463.40 and $8,400.43, respectively, on the Petition Date.

The Debtor acknowledges that he made the Transfer within the one year period prior to the Petition Date.

In response to the Trustee's questions as to the consideration which he received from DJM in exchange for the Transfer, the Debtor stated that he could not recall the consideration which his wife provided in exchange for the Transfer. *See* Trustee's Exhibit A–2, Rule 2004 Examination of Debtor at pp. 19–21.

DJM testified that she "was going to give up any interest in [the Debtor's] business and his practice in consideration for the [Transfer]" because she and the Debtor were considering a dissolution of their marriage. *See* Trustee's Exhibit A–1, Rule 2004 Examination of DJM at p. 15. DJM testified that their were no documents evidencing this agreement and that no property was transferred in conjunction with this agreement. *See* Trustee's Exhibit A–1, Rule 2004 Examination of DJM at pp. 15–16.

The Debtor's bankruptcy schedules (the "Schedules") list total assets of $13,772.90 and total liabilities of $201,882.72. In his testimony at an examination under Fed. R.Bankr.P. 2004, the Debtor indicated that the assets set forth in the Schedules were substantially the same as the assets which he possessed on the date of the Transfer. *See* Trustee's Exhibit A–2, Rule 2004 Examination of Debtor, p. 54. The Debtor further testified at the examination that the liabilities set forth in the schedules were substantially the same as the liabilities which the Debtor owed on the date of the Transfer. *See* Trustee's Exhibit A–2, Rule 2004 Examination of Debtor, p. 10.

The Debtor, an attorney, acknowledged that he was aware of an order of the Erie County Probate Court in the "Spring of '92" which vacated a fee award which he had previously received in a settlement for the estate of Joseph Brisboy (the "Brisboy Settlement"). *See* Trustee's Exhibit A–2, Rule 2004 Examination of Debtor, pp. 51–53. The Debtor indicated that he was aware that there might be "a problem" with his receipt of a fee award in conjunction with the Brisboy Settlement prior to the time of the Transfer. The Debtor was liable for repayment of attorneys fees received in the Brisboy Settlement on the Petition Date.

The Debtor further acknowledged that he became liable to the Estate of Luther Thornberry in the amount of $6,500.00 in 1991. This debt remained outstanding on the Petition Date.

## DISCUSSION
### MOTION TO DISMISS

DJM's motion to dismiss the Trustee's motion for summary judgment is not well taken.

■ Rule 7016 which grants a Court discretion to impose sanctions for a party's failure to obey a court order or to appear at a pretrial conference is plainly inapplicable to the instant matter where the Trustee failed to comply with the time parameters set forth in her status report.

■ Although the Court undoubtedly possesses the power to dismiss an adversary for failure to prosecute under Fed. R.Bankr.P. 7041(b), the record is devoid of evidence that the Trustee has proceeded in bad faith. Moreover, the Trustee was not on notice that failure to comply with the time parameters set forth in her status report could result in dismissal of her motion for summary judgment. Finally, although the Trustee did not file her motion for summary judgment within the time parameters set forth in her status report, the Court cannot conclude that DJM has been prejudiced.

### STANDARD FOR SUMMARY JUDGMENT

The Sixth Circuit has stated that:

[s]ummary judgment is appropriate when the moving party shows that there is 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[ ].' *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). *Dollar Corp. v. Zebedee (In re Dollar Corp.)*, 25 F.3d 1320, 1322 (6th Cir.1994). DJM may not survive a motion for summary judgment merely by " 'show[ing] that there is some metaphysical doubt as to the material facts' ". *In re Dollar Corp.*, 25 F.3d at 1323 (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356).

## APPLICATION OF STANDARD FOR SUMMARY JUDGMENT TO THE INSTANT ADVERSARY

The Court finds that the Trustee may avoid the Transfer as a fraudulent transfer under § 548.

### *Applicable Statute*

Section 548 provides, in relevant part, that:

(a)  [t]he trustee may avoid any transfer of an interest of the debtor in property ... that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

... (2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation[.]

### *Burden of Proof*

█ The Trustee bears the burden of proof on her complaint by the preponderance of the evidence. *C.f. Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (noting that preponderance standard generally applies in civil actions between private litigants); *Barclays/American Business Credit, Inc. v. Adams (In re Adams)*, 31 F.3d 389 (6th Cir.1994) (preponderance standard applies in action to deny discharge).

### *Whether the Debtor Possessed an Interest in the Home at the Time of the Transfer*

The evidence presented by the Trustee establishes that the Debtor possessed an interest in the Home at the time of the Transfer.

### *Whether the Transfer Was Made Within One Year of the Petition Date*

The Debtor acknowledges that he made the Transfer within the one year period preceding the Petition Date.

### *Whether the Debtor Made the Transfer for Less Than Reasonably Equivalent Value at a Time When He was Insolvent*

The Debtor received less than a reasonably equivalent value in exchange for the Transfer at a time when he was insolvent.

The Debtor was insolvent at the time of the Transfer. "[I]nsolvency is essentially a balance sheet test—that is, a debtor is insolvent when the debtor's liabilities exceed the debtor's assets, excluding the value of preferences, fraudulent conveyances and exemptions." *In re Taubman*, 160 B.R. 964, 979 (Bankr.S.D.Ohio 1993) (citation omitted). The Schedules list total assets of $13,772.90 and total liabilities of $201,882.72. The Debtor acknowledges that the assets and liabilities set forth on the Schedules were substantially the same as the assets and liabilities which he possessed on the date of the Transfer. *See* Trustee's Exhibit A–2, Rule 2004 Examination of Debtor, p. 54; Trustee's Exhibit A–2, Rule 2004 Examination of Debtor, p. 10.

The Court notes that the Debtor may have possessed assets in the form of accounts receivable and funds received from the Brisboy Settlement which assets are not reflected in the Debtor's assets listed on the Schedules. Assuming arguendo that the Debtor did possess such assets on the date of the Transfer, the evidence before the Court nevertheless compels the conclusion that the

Debtor was insolvent on the date of the Transfer.

 Furthermore, DJM's purported forbearance from asserting an interest in the Debtor's business at a future date does not represent reasonably equivalent value for the Transfer. *See Bailey v. Metzger, Shadyac & Schwartz (In re Butcher)*, 72 B.R. 447, 450 (Bankr.E.D.Tenn.1987) (agreement to perform future legal services did not constitute value under § 548); *c.f. Staats v. Palermini (In re Palermini)*, 113 B.R. 380, 384–85 (Bankr.S.D.Ohio 1990) (wife's forbearance from divorce, care for husband's brother and payment of mortgage did not constitute fair consideration for allegedly fraudulent transfer under Ohio law); *Toledo Trust Co. v. Poole (In re Poole)*, 15 B.R. 422, 430–31 (Bankr.N.D.Ohio 1981) (forbearance from divorce did not represent fair consideration in fraudulent conveyance action under Ohio law). DJM's agreement to forbear from seeking any interest in the Debtor's business "[s]hould Debtor and [DJM] ever seek a divorce" does not constitute reasonably equivalent value. *See* Defendant's Motion in Opposition to Trustee–Plaintiff's Motion for Summary Judgment, p. 8, para. 5.

In light of the foregoing, it is therefore

ORDERED that DJM's motion to dismiss the Trustee's motion for summary judgment be, and it hereby is, denied. It is further

ORDERED that the Trustee's motion for summary judgment be, and it hereby is, granted. It is further

ORDERED that Gregory McDowell's transfer of his interest in the Home to Donna McDowell on October 23, 1992 be, and it hereby is, avoided.