Zobel, J.
Plaintiff seeks to set aside a conveyance of property, alleging fraud in the conveyance, G.L.c. 109A, §4.
On December 16, 1971, Gilbert Napoleon and his wife, Arlene Napoleon, acquired title to a residence and land at 18 Freeport Drive, Burlington, Massachusetts.
Almost 15 years later (September 12, 1986), Napoleon took title to two condominiums, borrowing in each instance on a note secured by a mortgage. Plaintiff subsequently bought from the mortgagee the notes and mortgages.
After another four-and-a-half years (April 8, 1991) Napoleon created a trust to which he transferred his interest in the Freeport Drive property, although the pertinent loan and mortgage on remained for the account of Gilbert and Arlene Napoleon.
Until early July 1991, Napoleon paid all his assorted obligations as they came due. After July 17, 1991, Napoleon ceased making payments on the loans to Plaintiff. In March 1992, Plaintiff foreclosed on the condominiums and thereafter obtained a deficiency judgment in the Lowell District Court for $123,663.01; execution did not issue until December 21, 1995.
The action to set aside the conveyance of Freeport Drive, G.L.c. 109A, §4, commenced on January 4, 1996. At trial, it was stipulated that the transfer of Freeport Drive left Napoleon’s total assets at $ 146,800 with liabilities of $235,000.
The Uniform Fraudulent Conveyance Act as adopted in Massachusetts, G.L.c. 109A, §2, deems a person insolvent “when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.” Further,
Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration.
G.L.c. 109A, §4.
The threshold issue therefore is whether his transferring the Freeport Drive house rendered Napoleon insolvent.
Plaintiff argues that an installment loan balance owed over a term of years is a statutory “obligation” for the purpose of determining insolvency, even absent a default or a call of the loan. Napoleon contends that mortgage payments not yet due should not be considered debt for the purpose of establishing insolvency.
At the time of the transfer and for three months thereafter, Napoleon remained current with all his creditors. Thus one cannot say that the transfer rendered him unable to meet his obligations as they matured.
Research has not unearthed any opinion expressly holding a mortgage loan installment balance to be a debt.' On the contrary, authority suggests that the present record discloses insufficient evidence of insolvency. It may well be true, as Plaintiff notes, that after the transfer, Napoleon’s total liabilities exceeded his total assets. However, nothing here suggests that at the time of transfer, Napoleon was unable to meet his obligations as they came due. To establish Napoleon’s insolvency, Plaintiff must go beyond showing an excess of debts over assets. The statute requires proving not merely that the existing debts exceeded the assets, but that the excess came from probable liability on those debts, In re Goldstein, 194 B.R. 1, 2 (Bkrtcy. D.Mass. 1996), i.e., payment that is immediately due, like the forthcoming month’s mortgage payment, rather than the entire unpaid balance of the note.
Courts are willing to set aside conveyances only upon strong evidence of insolvency, as, for example, when a debtor conveys a condominium in a series of transactions following his conviction for tax evasion and a subsequent attachment of his bank accounts, see, In re Tracey, 88 B.R. 512, 517 [Bkrtcy. D.Mass. 1988); see also, In re Palermini, 113 B.R. 380, 384-85 (Bkrtcy. S.D.Ohio 1990); In re Otis & Edwards P.C., 115 B.R. 900, 915 (Bkrtcy. E.D.Mich. 1990); Carteret Savings & Loan Association. F.A. v. Jackson, 812 F.2d 36, 40 (1st Cir. 1987) (debtors’ transfer of residence to their daughter was in fraud of creditors where debtors offered no evidence of solvency); Max Sugarman Funeral Home Inc. v. A.D.B Investors, 926 F.2d 1248, 1255 (1st Cir. 1991) (At time of transfers, debtors were “utterly unable even to service their debt, except by luring more financing from debenture holders for whom there was no prospect of repayment”) (orig. emphasis); In re O’Brien, 190 B.R. 1, 3 (Bkrtcy. D.Mass. 1995) (debtor admitted inability, at time of transfer, to satisfy the bank’s guaranty).
The instant case lacks such patent evidence of insolvency. Napoleon kept current on his obligations *728 before and up to three months after the disputed transfer. Although he eventually defaulted on his obligations, he was not insolvent at the time of transfer; the conveyance is therefore invulnerable.
ORDER
Accordingly, it is Ordered, Judgment to enter forthwith; Complaint Dismissed, with prejudice.