SEASE; HANES ET AL., APPELLANTS, *v.*
JOHN SMITH GRAIN CO., INC.; ARCANUM
NATIONAL BANK, APPELLEE.

(No. 1084—Decided April 3, 1984.)

*John F. Marchal, Thomas C. Hanes*
and *Hugh A. Staley,* for appellants.
*Craig Dynes,* for appellee.

WEBER, J. This is an appeal from the judgment of the Common Pleas Court of Darke County, Ohio, wherein the court found that a real estate mortgage executed by J & J Farms, Inc., an Ohio Corporation, was a good and valid mortgage and was ahead of the judgment lien of the creditors of John Smith Grain Company, Inc. The pertinent facts as to the case at bar are as follows.

On December 18, 1976, J & J Farms, Inc. executed a note to the Arcanum National Bank in the principal sum of $50,000. As security for said note, J & J Farms, Inc. executed a security agreement pledging 21,740 bushels of corn which were stored with the John Smith Grain Company, Inc.

During April 1977, the Ohio Department of Agriculture conducted an investigation of the John Smith Grain Company, Inc. and it was determined that the 21,740 bushels of corn pledged to Arcanum National Bank to secure the $50,000 note given by J & J Farms, Inc. were, in fact, not in existence. Upon learning that the corn was missing, Arcanum National Bank demanded new security for the $50,000 loan and was granted a security interest in 3,300 head of hogs by J & J Farms, Inc. Later, Arcanum National Bank discovered that the hogs pledged to them as security for the $50,000 loan had previously been

pledged as security to another creditor and again Arcanum National Bank demanded additional security from J & J Farms. On April 25, 1977, J & J Farms, Inc. conveyed the real estate mortgage in issue to Arcanum National Bank to secure J & J's preexisting debt to the bank.

The John Smith Grain Company, Inc. was placed in receivership and the receiver, on behalf of the creditors of the John Smith Grain Company, recovered a judgment of $34,131.48 against J & J Farms, Inc. on May 15, 1980. The real estate of J & J Farms, Inc. was sold by the sheriff on foreclosure, and after payment of prior liens and costs, there remains the sum of $45,948.33 which is the subject of this litigation.

On March 8, 1983, the Common Pleas Court of Darke County determined that the real estate mortgage executed by J & J Farms, Inc. and filed for recording on April 25, 1977 was a good and valid mortgage and was prior to the judgment lien of the creditors of the John Smith Grain Company, Inc. filed in May 1980. Appellants, special commissioners appointed to conduct litigation on behalf of the creditors of the John Smith Grain Company, appealed this determination asserting that the mortgage in issue constituted a fraudulent conveyance under R.C. 1336.04 and 1336.05 and R.C. 1313.56 and 1313.57 and, as such, the trial court erred in not declaring it to be void.

The trial court entered final judgment on January 12, 1984, which judgment is duly appealed to this court.

Appellants bring before this court five assignments of error, the first of which states:

"The common pleas court, below, committed prejudicial error in holding that the knowledge of H. T. Smith as to the affairs of J & J Farms, Inc., cannot be constructively imputed to the Arcanum National Bank."

At the time the mortgage in issue was executed by J & J Farms, the directors and owners of J & J Farms were C. North, Jr. and J. M. Smith, both of whom were also directors of the John Smith Grain Company, Inc. The John Smith Grain Company also had a third director, H. T. Smith, who was on the board of directors at Arcanum National Bank. H. T. Smith was incapacitated on April 12, 1977, and thereafter until his death.

Appellants allege that the relationship between the directors of Arcanum National Bank, J & J Farms and John Smith Grain Company required a finding that Arcanum National Bank had knowledge, actual or constructive, of the financial affairs and impending insolvency of J & J Farms at the time the mortgage in issue was pledged. Appellants base this contention upon the recent Supreme Court decision of *Arcanum National Bank* v. *Hessler* (1982), 69 Ohio St. 2d 549 [23 O.O.3d 468].

In *Hessler,* the sole issue before the court was whether the plaintiff-appellee, Arcanum National Bank, was a holder in due course of the promissory note sold to appellee by the John Smith Grain Company, Inc. Appellant Hessler alleged that Arcanum National Bank had knowledge, actual or implied, that the John Smith Grain Company failed to give consideration for appellant's note, therefore Arcanum National Bank could not have acquired the note in good faith as a holder in due course.

The court, after examining the relationship between Arcanum National Bank and the John Smith Grain Company, concluded that the facts established that Arcanum National Bank had knowledge of the underlying infirmity in Hessler's note prior to acquiring it. The court based this conclusion upon the fact that C. North, Jr., a director of the John Smith Grain Company, had actual knowledge that there was no consideration given by the John Smith Grain Company for the note and therefore his

knowledge was imputed to all the directors of the John Smith Grain Company. H. K. Smith, who was both a director for the John Smith Grain Company and Arcanum National Bank, was therefore found to have knowledge of the infirmity in the note, such knowledge also being imputed to Arcanum National Bank.

In the present case, J & J Farms and Arcanum National Bank have no interlocking directors; however, J & J Farms and the John Smith Grain Company do. The director who interlocked between the bank and John Smith Grain Company was completely incapacitated on April 12, 1977, and thereafter. Notwithstanding, because the John Smith Grain Company had this interlocking director with Arcanum National Bank, appellants contend that the relationship between the directors of J & J Farms, John Smith Grain Company and Arcanum National Bank required a finding that Arcanum had knowledge of J & J Farms' alleged fraudulent intent and financial difficulties at the time Arcanum accepted the mortgage in issue.

The trial court concluded that under other circumstances, the knowledge of the directors of the John Smith Grain Company could be imputed to Arcanum National Bank; however, in this case, the evidence presented did not establish any basis for determining that the bank had actual or constructive knowledge of any financial difficulties or fraudulent intent on the part of J & J Farms. Upon examining the record, we conclude the trial court was correct in this determination. There are sufficient facts presented in evidence to establish that J & J Farms was solvent on and before April 25, 1977, the date the mortgage in issue was conveyed to Arcanum National Bank. In addition, there was sufficient evidence presented to support a finding that J & J Farms had no fraudulent intentions on or before the time the mortgage in issue was executed, but, rather, it was fulfilling its responsibility of providing security to the bank. Unlike *Hessler,* where the bank had the burden of proof to establish its good faith, here the John Smith Grain Company had the burden of proof to prove the Arcanum National Bank had knowledge imputed to it of a fraudulent intent or financial difficulties on the part of J & J Farms.

Assignment of error number one is denied.

Appellants' second assignment of error states:

"The common pleas court, below, committed prejudicial error when it refused to follow and apply Ohio Revised Code Section 1701.01(O) in the affairs of J & J Farms, Inc."

In order to establish a fraudulent conveyance under either R.C. 1336.04 or 1336.05, a creditor must prove that the debtor was insolvent or would be made so by the transfer in issue and that the transfer was made without fair consideration. If both of these burdens are met, the transfer is fraudulent as a matter of law. Neither the intent of the debtor nor the knowledge of the transferee need be proven. *Cellar Lumber Co.* v. *Holley* (1967), 9 Ohio App. 2d 288 [38 O.O.2d 341].

In order to establish a fraudulent conveyance under R.C. 1313.56, a creditor must prove both that the debtor made the transfer with the intent to hinder, delay or defraud the creditor and that the transferee knew of the debtor's fraudulent intent. *Parker* v. *Clary* (1958), 106 Ohio App. 295 [7 O.O.2d 59]. In addition, it must be shown that the debtor was insolvent or contemplating insolvency at the time of the transfer.

Appellants allege the trial court erred by incorrectly applying R.C. 1701.01(O) in determining the solvency or insolvency of J & J Farms, Inc. at the time the mortgage in issue was transferred. Appellants submit that if the trial court had correctly applied R.C. 1701.01(O) to the facts presented, the

court would have determined that J & J Farms was insolvent at the time the mortgage in issue was granted and that the mortgage was therefore a fraudulent conveyance pursuant to R.C. 1336.04, 1336.05 and 1313.56.

Corporate insolvency is defined by R.C. 1701.01(O) which provides:

" 'Insolvent' means that the corporation is unable to pay its obligations as they become due in the usual course of its affairs."

In order to find that J & J Farms, Inc. fraudulently conveyed the mortgage in issue to Arcanum National Bank, it must first be established that J & J Farms, Inc. was insolvent, or would be made so, at the time of the conveyance of the mortgage. In applying R.C. 1701.01(O) to the facts, the trial court determined that at the time the mortgage was executed, April 25, 1977, no evidence was presented to establish that J & J Farms was insolvent or rendered insolvent by the conveyance. The court further concluded that the evidence presented revealed that it was not until several months after the mortgage was given to Arcanum National Bank that J & J Farms became unable to pay its corporate debts as they became due.

We have reviewed the record and agree with the trial court's findings and application of R.C. 1701.01(O). Sufficient evidence was presented to support the conclusion that appellants failed to prove by a preponderance of the evidence that J & J Farms was insolvent and unable to pay its obligations as they became due pursuant to R.C. 1701.01(O) at the time the mortgage in issue was executed. No evidence was presented that J & J Farms failed to pay any obligation when due prior to April 26, 1977. The evidence was sufficient to establish that J & J Farms still had a substantial net worth after the conveyance of the mortgage.

Appellants' second assignment of error is hereby overruled.

Appellants' third assignment of error states:

"The common pleas court, below, committed prejudicial error when it held that the Arcanum National Bank did not know of the insolvency of J & J Farms, Inc."

Under assignment of error number three, appellants contend the trial court erred by not finding Arcanum National Bank had constructive knowledge of the insolvency of J & J Farms, Inc. at the time the mortgage in issue was granted.

In its decision and judgment entry of March 8, 1983, the trial court determined that J & J Farms was not insolvent or rendered insolvent at the time the mortgage in issue was granted. The court examined the evidence and concluded that J & J Farms was not insolvent or contemplating insolvency on April 25, 1977. Upon reviewing the facts presented to the trial court, and pursuant to our findings under assigned errors number one and two, we conclude the trial court was correct in its determination.

Assignment of error number three is overruled.

Assignment of error number four provides:

"The common pleas court, below, committed prejudicial error when it refused to hold that the mortgage on the real estate of J & J Farms, Inc., to the Arcanum National Bank was, as to form, an invalid mortgage."

Appellants contend that the mortgage granted to Arcanum National Bank on April 25, 1977 was, by reason of its form, invalid. Specifically, appellants allege that the mortgage instrument is incomplete and misleading in that it contains no reference to the $50,000 note the mortgage was given to secure and instead just refers to "promissory notes" of which J & J Farms is the maker and Arcanum National Bank is the payee.

The trial court, upon examining the mortgage instrument, determined that

the mortgage was a typewritten mortgage with handwritten alterations that was hastily executed in order to secure Arcanum National Bank upon its loan to J & J Farms. In addition, the trial court found the mortgage instrument was not an attempt to mislead or defraud the creditors of J & J Farms or John Smith Grain Company. As to the form of the mortgage instrument, the trial court concluded that no evidence was presented at trial to support appellants' contention as to the irregularity of the instrument.

The mortgage instrument does not specifically state that the mortgage was granted to secure Arcanum National Bank's preexisting loan of $50,000, but it does state:

"This mortgage is given to secure the payment of the sum of money provided to be paid in a certain * * * promissory notes * * * of which the mortgagors are the makers and the mortgagees are the payees, * * *."

Also, the first paragraph of the mortgage instrument defines the mortgagor as J & J Farms, Inc. and the mortgagee as Arcanum National Bank, Arcanum, Ohio.

Generally, to constitute a valid mortgage, the mortgage instrument must contain a description of the obligation it is intended to secure. The sufficiency of this description is not statutorily defined. 37 Ohio Jurisprudence 2d (1959) 266, Mortgages, Section 77. Although the exact amount of money to be paid by the mortgagor may not be stated in a mortgage instrument, a description of the indebtedness is sufficient if it clearly states that the mortgage was conveyed as security for the payment of money due from one party to the other. The instrument need not show the amount of indebtedness as long as it points to the sources from which this amount may be ascertained. *Hurd* v. *Robinson* (1860), 11 Ohio St. 232, 235. Extrinsic evidence is admissible to identify such indebtedness.

In the case at bar, the trial court concluded that the mortgage instrument sufficiently gave notice that the mortgage was conveyed by J & J Farms, Inc. for the purpose of securing a loan granted by Arcanum National Bank, and that appellants were not misled in any manner as to the obligation the mortgage was intended to secure. Upon examining the mortgage instrument and the facts in the record, we must agree with the trial court. Although the mortgage instrument does not specifically refer to the $50,000 loan in issue, it does provide adequate notice that the mortgage was granted as security for a promissory note executed by J & J Farms, Inc. to Arcanum National Bank. As there was only one such note, the obligation secured is absolutely identifiable. We can find no evidence in the record to support appellants' allegation that the mortgage as written was intended to defraud and mislead creditors.

Assignment of error number four is overruled.

Appellants' fifth and final assignment of error reads:

"The common pleas court, below, committed prejudicial error when the fact that the real estate mortgage of J & J Farms, Inc. to the Arcanum National Bank was, in fact, a mortgage which created preference in the bank and was, therefore, fraudulent."

Appellants allege that based upon the evidence submitted in this case, the trial court committed prejudicial error in finding that the mortgage in question was a valid mortgage that did not fraudulently prefer Arcanum National Bank to the detriment of the creditors of the John Smith Grain Company, Inc.

Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. A reviewing court will

not disturb the judgment of the trial court on the ground of insufficiency of the evidence unless it clearly appears that the conclusion reached cannot be supported by any rational view of the evidence. *Royer* v. *Bd. of Edn.* (1977), 51 Ohio App. 2d 17 [5 O.O.3d 117]. The record reflects sufficient credible evidence was presented to support the trial court's judgment.

Assignment of error number five is without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.