SPANGLER et al., Appellants,

v.

REDICK et al.; Reeve, Appellee.

[Cite as *Spangler v. Redick* (1991), 74 Ohio App.3d 798.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–406.

Decided July 18, 1991.

*Donald H. Spangler* and *Mark S. Spangler, pro se.*

*Schwartz, Kelm, Warren & Rubenstein, Russell A. Kelm* and *David L. Eidelberg,* for appellee Ronald C. Reeve.

*Philip Manogg,* for Redick and Associates, Inc. and Karen Redick Palmer.

*Charles McFarland,* for Security Investment Company.

*F. David Resch,* for Julie Baxter.

*Judith R. Maxwell,* for ARTA of Delaware County.

*Crabbe, Brown, Jones, Potts & Schmidt* and *James A. Meaney,* for Bob Burkholder.

STRAUSBAUGH, Judge.

This is an appeal by plaintiffs, Donald H. Spangler and Mark S. Spangler, from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee Ronald C. Reeve. The trial court also awarded defendant Reeve $21,100.25 in attorney fees.

In late March 1987, plaintiffs apparently became creditors of defendant Roger Redick in the amount of $140,000. Plaintiffs ultimately made their interest in defendant Redick's assets known by an order of attachment issued on August 3, 1987. On December 21, 1988, plaintiffs filed their complaint in the present action against several defendants, including Reeve, in which plaintiffs sought to have set aside as a fraudulent conveyance the purchase of

certain assets of Control Systems and Equipment Company, Inc. ("Old COSE-CO") by R.R. Interim, Inc. ("Interim") from Redick & Associates ("R & A"). Plaintiffs also sought to set aside a noncompetition agreement between Interim and R & A, which was entered into on May 20, 1987. At the time of this transaction, Reeve was the president of Interim.

At some time prior to February 1987, Reeve contacted broker George Rossinger, of R.G.A. Enterprises, Inc., to inquire whether Rossinger had any information regarding companies being offered for sale in the Central Ohio area. Subsequently, Rossinger advised Reeve that he had a listing for Old COSECO. The listing price for Old COSECO was $120,000, plus the value of inventory with a portion of this amount being allocated to a noncompetition agreement which existed between Interim and R & A. Reeve and his personal accountant calculated the fair market value of Old COSECO's assets, including inventory and the noncompetition agreement, and determined that Old COSECO was collectively valued at $197,000. Reeve and his accountant then determined that the fair market value of the items was equal to the listing price, which Reeve agreed to pay. On May 20, 1987, Interim and Old COSECO entered into an agreement in which Old COSECO would be purchased by Interim. Immediately following this purchase, Interim changed its name to Control Systems and Equipment Company, Inc. ("New COSECO"). At the same time, Old COSECO changed its name to One Hundred Eighty Outerbelt, Inc.

On July 10, 1989, Reeve moved for summary judgment and for an award of attorney fees. The motion for summary judgment was granted on October 19, 1989, and on January 19, 1990, Reeve's motion for attorney fees was granted with the issue as to the amount to be awarded referred to a referee. A hearing was then held on January 25, 1990 before a referee in order to determine the amount of reasonable and necessary attorney fees for Reeve. On February 1, 1990, the referee issued his report awarding Reeve $19,025 in reasonable and necessary attorney fees.

On February 5, 1990, plaintiffs filed their first motion to vacate summary judgment and the award of attorney fees on the basis of new evidence discovered at the January 25, 1990 hearing held before the referee. On February 13, 1990, plaintiffs filed their second motion to vacate summary judgment and the award of attorney fees based upon alleged *ex parte* conferences between Reeve's counsel and the trial court. On February 21, 1990, plaintiffs filed their objections to the referee's report.

Ultimately, the trial court denied plaintiffs' motions to vacate summary judgment and overruled plaintiffs' objections to the referee's report. On March 28, 1990, the trial court entered final judgment in favor of Reeve on his

motion for summary judgment. Reeve was also awarded $19,025 in attorney fees and was also awarded $1,500 in attorney fees for defending against the objections to the referee's report and $600 in attorney fees for defending against the motions to vacate filed by plaintiffs. Thus, the trial court awarded Reeve a total of $21,125 in attorney fees. On April 6, 1990, plaintiffs filed an appeal from the trial court's entry. Thereafter, Reeve moved this court to dismiss plaintiffs' appeal on the grounds that there did not exist a final appealable order. Subsequently, on May 9, 1990, the trial court, by *nunc pro tunc* certification, entered final judgment on its order dated March 28, 1990, and included the Civ.R. 54(B) language that there existed no just reason for delay in entering final judgment on Reeve's motion for summary judgment and attorney fees. On this basis, on May 29, 1990, this court overruled Reeve's motion to dismiss for lack of a final appealable order.

On appeal, plaintiffs proceed *pro se* and set forth four assignments of error for this court's review:

"1. The trial court erred in granting defendant's motion for summary judgment and attorney fees because the trial court failed to consider any grounds for relief under R.C. 1336.07.

"2. The trial court erred in granting defendant's motion for summary judgment and attorney fees because the trial court failed to consider any grounds for relief under R.C. 1336.04.

"3. The trial court erred in granting defendant's motion for summary judgment and attorney fees because the defendant is a necessary party under Civil Rule 19.

"4. The trial court erred in granting attorney fees to appellee since the argument is warranted under existing law or could be supported by a good faith argument for an extension, modification or reversal of existing law."

Essentially, each of plaintiffs' assignments of error argue that the trial court improperly granted summary judgment in favor of Reeve, and, as a result of the trial court's error, plaintiffs insist that attorney fees were inappropriately awarded. For purposes of review, this court will address together the issues raised in plaintiffs' first three assignments of error regarding the appropriateness of summary judgment having been granted in Reeve's favor. Lastly, this court will address the appropriateness of attorney fees being awarded to Reeve.

As plaintiffs' complaint was dismissed pursuant to the trial court's granting of Reeve's motion for summary judgment, we note at the outset that summary judgment is designed to eliminate the time and expense consumed by trial where there exists no genuine issue of material fact and, as a matter of

law, the moving party is entitled to judgment. Civ.R. 56(C). In *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274, the Supreme Court of Ohio set forth the necessary elements for the granting of summary judgment:

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

Accordingly, the moving party bears the burden of demonstrating there exists no genuine issue as to any material facts with regard to the critical issues presented. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The moving party must therefore present evidence on all the material determinative issues presented in an action in order for summary judgment to be properly granted in his favor. *Rayburn v. J.C. Penney Outlet Store* (1982), 3 Ohio App.3d 463, 3 OBR 544, 445 N.E.2d 1167.

Initially, plaintiffs contend that as they were creditors of Redick, who had the actual intent to defraud plaintiffs, they have a right to challenge a conveyance made by Redick to Reeve. Moreover, plaintiffs insist that Reeve had knowledge of Redick's intent to defraud plaintiffs. Plaintiffs contend that since Redick conveyed the subject property to Reeve two months after a judgment had been entered against him, there exists a presumption that both parties had knowledge of the fraud.

R.C. 1336.07, in effect at the time plaintiffs pursued the present action, provided:

"Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present or future creditors." [1]

The burden of proof in an action to set aside a conveyance must be affirmatively demonstrated by the party who seeks to set aside the conveyance as fraudulent. *Stein v. Brown* (1985), 18 Ohio St.3d 305, 18 OBR 352, 480 N.E.2d 1121. It is normally incumbent upon the party seeking to set

---

1. The relevant portions of R.C. Chapter 1336 were repealed by H.B. No. 506, effective September 28, 1990. .

aside the conveyance to prove the element of fraud by clear and convincing evidence. See *In re Poole* (Bankr.Ct., N.D.Ohio 1981), 15 B.R. 422. However, Ohio has recognized that "actual intent" may be difficult to prove. As was stated by the Supreme Court of Ohio in *Stein, supra:*

" * * * Due to the difficulty in finding direct proof of fraud, courts of this state began long ago to look to inferences from the circumstances surrounding the transaction and the relationship of the parties involved. * * * " (Citations omitted.) *Id.*, 18 Ohio St.3d at 308–309, 18 OBR at 355, 480 N.E.2d at 1124. See, also, *Gleason v. Bell* (1915), 91 Ohio St. 268, 110 N.E. 513.

In *McKinley Fed. S. & L. v. Pizzuro Enterprises, Inc.* (1990), 65 Ohio App.3d 791, 585 N.E.2d 496, the court quoted from *Poole, supra,* 15 B.R. at 431–432:

" 'In determining whether a conveyance is made with actual intent to hinder, delay, or defraud a creditor, direct evidence of fraudulent intent is not essential and, indeed, in most circumstances, not likely to be available. Consequently, certain traditionally designated "badges" or indicia of fraud, circumstances which usually or frequently attend a conveyance designed to hinder, delay, or defraud creditors, in concert with other suspicious circumstances, have generally been held to be sufficient to show fraud and invalidate the transfer of property. * * * ' " *Id.* at 796, 585 N.E.2d at 500.

Although applying R.C. 1336.03 and 1336.04, the court in *Cardiovascular & Thoracic Surgery of Canton, Inc. v. DiMazzio* (1987), 37 Ohio App.3d 162, 166, 524 N.E.2d 915, 918, stated that the "badges of fraud" that may be adequate to set aside a conveyance "include inadequate consideration; transfer of the debtor's entire estate; the debtor's insolvency as a result of the transfer; the relationship of the parties to the transfer; the reservation of an interest in the transferred property; and a threat or pendency of litigation."

In support of their argument that Redick had the actual intent to defraud plaintiffs, they rely upon the affidavit of Paul Van Schepen who, as vice-president of Old COSECO, stated that once Redick became aware of plaintiffs' litigation initiated against him, he began efforts to disguise his assets and formed a corporation in the British West Indies apparently for the purpose of concealing proceeds received. However, Civ.R. 56(E) requires that supporting affidavits "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify." That portion of Van Schepen's affidavit which refers to the corporation apparently formed in the British West Indies constitutes hearsay for which there exists no exception so that such statements could be ultimately admitted at trial. See *Pond v. Carey Corp.* (1986),

34 Ohio App.3d 109, 517 N.E.2d 928; *Campus Records, Inc. v. Donnelly* (May 12, 1988), Franklin App. No. 87AP–901, unreported, 1988 WL 48005.

■ Plaintiffs argue that not only Redick had the actual intent to fraudulently convey the subject property so as to defraud plaintiffs, but that Reeve also had knowledge of Redick's intent. However, there exists no competent evidence to support such a claim. Rather, Redick and Reeve instead appear to have dealt in an arm's-length transaction. Reeve took reasonable precautions to ensure that there were no outstanding claims to the property of Old COSECO and the undisputed facts demonstrate that although plaintiffs had received judgment against Redick at the time of the transfer, they failed to file any liens against Old COSECO or other related companies. Moreover, Reeve and Redick were brought together by an independent broker and Reeve had no association or communication with Redick before the purchase transaction. These unrebutted facts support the arm's-length nature of the purchase transaction of Old COSECO by Reeve.

■ Upon review of the record in the present case, we agree with the trial court that plaintiffs failed in their burden to demonstrate a genuine issue of fact of an actual intent of Redick to defraud plaintiffs. In the present case, Reeve purchased Old COSECO after plaintiffs were awarded judgment in their favor against Redick. However, as noted by the court in *Cardiovascular & Thoracic Surgery*, a badge of fraud *may* give rise to an inference that a conveyance was fraudulent.

■ Given the facts of this case, we find that this factor alone would not, in and of itself, preclude the trial court from concluding that Reeve demonstrated that the conveyance was supported by fair consideration. Moreover, the purchase price of the assets of Old COSECO would have been enough to satisfy the outstanding judgment plaintiffs had against Redick. Accordingly, we are unable to conclude that the application of R.C. 1336.07 to the facts of the present case requires reversal of summary judgment in favor of Reeve.

■ Plaintiffs next argue that R.C. 1336.04 precludes the granting of summary judgment in Reeve's favor. R.C. 1336.04, then in effect, provided:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

As the court recognized in *Sease v. John Smith Grain Co.* (1984), 17 Ohio App.3d 223, 17 OBR 489, 479 N.E.2d 284, the requirements of R.C. 1336.04 for setting aside a fraudulent conveyance differ from that in R.C. 1336.07. In *Sease*, the court held:

"In order to establish a fraudulent conveyance under either R.C. 1336.04 or 1336.05, a creditor must prove that the debtor was insolvent or would be made so by the transfer in issue and that the transfer was made without fair consideration. If both of these burdens are met, the transfer is fraudulent as a matter of law. Neither the intent of the debtor nor the knowledge of the transferee need be proven. *Cellar Lumber Co. v. Holley* (1967), 9 Ohio App.2d 288 [38 O.O.2d 341, 224 N.E.2d 360]." *Id.* at 225, 17 OBR at 492, 479 N.E.2d at 288. See, also, *Investors REIT One v. Jones* (Nov. 10, 1983), Franklin App. Nos. 82AP–626 and 82AP–664, unreported.

In the present case, we cannot conclude that the trial court erred in finding that plaintiffs had failed to meet their burden of demonstrating a genuine issue of fact whether the conveyance of Old COSECO to Interim was a fraudulent conveyance under R.C. 1336.04. Plaintiffs argue that Redick was rendered insolvent by the transfer. "Insolvency" is defined for purposes of this statute in R.C. 1336.02, which provided in pertinent part:

"A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."

The facts presented demonstrate that the conveyance was made for a fair consideration and that Redick was not insolvent before the transfer or made insolvent by the transfer. Although plaintiffs appear to argue that an individual is rendered insolvent when he lacks cash on hand to cover potential liability, such a position has been previously rejected by the courts of this state. See *Poole, supra; Cellar Lumber, supra;* and *Ohio Dept. of Taxation v. Kerr* (May 24, 1979), Franklin App. No. 78AP–648, unreported.

R.C. 1336.03 set forth the following:

"Fair consideration is given for property, or obligation:

"(A) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied; or

"(B) When such property, or obligation, is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained."

The affidavits of Rossinger and Reeve support a finding that fair consideration was paid for Old COSECO. Plaintiffs presented no admissible evidence to the contrary and therefore reasonable minds can only conclude that Reeve paid fair consideration for Old COSECO. Plaintiffs apparently do not dispute that the $197,000 was fair consideration for Old COSECO, but contest that the $70,000 note from Reeve to Redick provided the opportunity for Redick to hide

the finances. However, this assertion is again unsupported by the evidence presented. Thus, we conclude R.C. 1336.04 does not require reversal of the trial court's decision to grant summary judgment in favor of Reeve.

 Plaintiffs also argue that Reeve should not have been dismissed from the present case on the basis that he is a necessary party under Civ.R. 19. Plaintiffs insist that Reeve's presence in the suit is required for a just adjudication on the basis that plaintiffs will be unable to collect on the $70,000 note in Reeve's absence as a party. However, in reviewing the record, we find that plaintiffs have failed to demonstrate that the note has not already been paid by Reeve to Redick. Accordingly, as we find no error by the trial court in granting summary judgment in Reeve's favor, plaintiffs' assignments of error which relate to the granting of summary judgment are not well taken and are overruled.

 Finally, we address the trial court's award of attorney fees in the present case. In its January 22, 1990 entry, the trial court stated:

"It appearing that the cause of action brought by the Plaintiff[s] was not justified under existing law and could not be supported by a good faith argument for an extention [*sic*] [,] modification or reversal of existing law, it is the determination of this Court that effective from the time of the withdrawal of attorney Fred Burkholder of Toledo that the defendant, Ronald Reeve, is entitled for attorney fees in this action. * * * "

Pursuant to R.C. 2323.51, a trial court may award reasonable attorney fees for frivolous conduct, which is defined as:

" * * * conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

However, important in the present case, R.C. 2323.51(B)(2) specifically provides:

"An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action, but only after the court does all of the following:

"(a) Sets a date for a hearing to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was

adversely affected by it, and to determine, if an award is to be made, the amount of that award;

"(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party allegedly adversely affected by frivolous conduct;

"(c) Conducts the hearing described in division (B)(2)(a) of this section, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct in question was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made."

Even if this court accepts as true Reeve's arguments regarding plaintiffs' conduct, and that this conduct would constitute "frivolous conduct" as defined under R.C. 2323.51(A)(2), the trial court nevertheless failed to comply with the requirement of R.C. 2323.51(B)(2) that a hearing be provided in order to determine whether particular conduct was indeed frivolous. Rather, the record demonstrates that this determination was made by the trial court following a review of the record and the motions before it and that a hearing was provided before a referee solely for the purpose of determining the amount of reasonable attorney fees to be awarded. This is apparent in the referee's report as well, which simply refers to the trial court's previous determination that there existed frivolous conduct. Without providing a hearing as is required by R.C. 2323.51(B)(2), the trial court erred in awarding attorney fees to Reeve on the basis that there existed frivolous conduct. Accordingly, plaintiffs' fourth assignment of error is well taken and is sustained to the extent of this opinion.

Based upon the foregoing, plaintiffs' first, second and third assignments of error relating to the granting of summary judgment by the trial court in Reeve's favor are not well taken and are overruled. However, since the trial court awarded attorney fees without conducting a hearing as to whether there existed frivolous conduct, we find that the attorney fees were improperly awarded and therefore plaintiffs' fourth assignment of error is well taken and is sustained. The judgment of the trial court is hereby reversed in part and affirmed in part, and this cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment reversed in part,*
*affirmed in part,*
*and cause remanded.*

McCormac and Evans, JJ., concur.

RICHARD I. EVANS, J., of the Coshocton County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.