**FIFTH THIRD BANK OF COLUMBUS, Appellee,**

v.

**McCLOUD, Appellant.**

[Cite as *Fifth Third Bank of Columbus v. McCloud* (1993), 90 Ohio App.3d 196.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–542.

Decided Sept. 9, 1993.

*Kemp, Schaeffer & Rowe Co., L.P.A.*, *Michael N. Schaeffer* and *Greg Sutton,* for appellee.

*Lee C. Mittman,* for appellant.

---

CLOSE, Judge.

Defendant-appellant, Laurie S. McCloud, appeals from the judgment of the Franklin County Court of Common Pleas, holding that certain transfers of real property constituted fraudulent conveyances under R.C. Chapter 1336.

This action originated when Fifth Third Bank of Columbus, plaintiff-appellee, brought suit against appellant alleging that her husband, Douglas McCloud, fraudulently conveyed property to her. On May 26, 1988, Mr. McCloud transferred his interest in the "Birdsong" property to appellant, and, on June 28, 1989, he transferred the "Bairsford" property to her. Appellee has alleged that these transfers were made both without fair consideration and while Mr. McCloud was insolvent.

The matter was heard before a referee who recommended judgment for appellant. The referee's recommendation was based upon the conclusion that R.C. 1336.05 was not applicable to the facts of this case, and that all the essential elements under the amended version of R.C. 1336.04 had not been met. Specifically, the referee interpreted amended R.C. 1336.04's "unreasonably small"

capital requirement to apply only to the "capital" of direct debtors and not applicable to personal guarantors. Mr. McCloud had personally guaranteed loans from appellee totalling $1,250,000. Appellee had loaned this money to Engler Development Corporation ("Engler") on September 21, 1988, and had obtained personal guarantees from each of the four principals. Mr. McCloud was a principal of Engler and owned a twenty-five percent interest in the real estate development corporation since 1986. The principals were jointly and severally liable for a minimum of $6,000,000 in corporate debt.

Appellee filed objections to the referee's report alleging that the new version of R.C. Chapter 1336 was incorrectly applied to the facts of this case. Although amended R.C. Chapter 1336 was in effect at the time the complaint was filed, it was not in effect at the time of the transfers. R.C. Chapter 1336 was amended, effective September 28, 1990, while the transfers took place in 1988 and 1989. The trial court sustained appellee's objections and entered judgment for appellee on both properties. Appellant has timely appealed and now raises the following assignments of error:

"I. The trial court erred in concluding that Douglas McCloud transferred his interest in Birdsong after he gave his personal guaranty to plaintiff-appellee.

"II. The trial court erred in concluding that the former Uniform Fraudulent Conveyance Act was the law to be applied in this case.

"III. The trial court erred in concluding that even under the provisions of the former Uniform Fraudulent Conveyance Act that Douglas McCloud was insolvent at the time of the June 1989 conveyance to defendant-appellant.

"IV. The trial court was without power to ignore the report of the referee's finding for defendant-appellant and without the transcript, exhibits or the taking of evidence, entered judgment for plaintiff-appellee."

■ Appellant alleges in her first assignment of error that the Birdsong property was conveyed to her before her husband personally guaranteed the loans from appellee and that conveyance, therefore, could not have been fraudulent. The referee specifically found that "[w]hen [appellee] made its $1,000,000 and $250,000 loans on September 21, 1988, the property on Birdsong had already been transferred to [appellant]." On this basis, appellant claims that the trial court erred in concluding that the transfer of the Birdsong property constituted a fraudulent conveyance under R.C. Chapter 1336.

As appellee has conceded error as to Birdsong property and as the transfer was complete prior to the debt to appellee being incurred, appellant's first assignment of error is sustained.

■ In her second assignment of error, appellant alleges that the trial court should have applied the amended version of R.C. Chapter 1336 because it clarifies the former version, and that it was in effect at the time the complaint was filed.

The trial court, in noting significant differences between the two versions, applied the earlier statute which was in effect at the time of the transfers. Specifically, the trial court found it significant that former R.C. 1336.01(D) defined "debt" to include contingent liabilities, whereas the amended version does not. In addition, the earlier version of R.C. 1336.04 did not require a finding of intent to defraud in order to establish a fraudulent conveyance.

■ Statutes and amendments thereto are to be applied prospectively unless the statute expressly provides otherwise. *Smith v. Denihan* (1990), 63 Ohio App.3d 559, 571, 579 N.E.2d 527, 535, citing *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. The general savings law, found in R.C. 1.58, protects rights and obligations acquired under the law as it existed at the time. R.C. 1.58 states:

"(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder[.]"

The rights and obligations acquired, as a result of the conveyances and personal guarantees at issue here, were subject to the requirements of R.C. Chapter 1336 as it then existed. The amendments to R.C. Chapter 1336 do not affect the prior operation of the statute.

Appellant's second assignment of error is overruled.

■ Appellant alleges in her third assignment of error that the trial court erred in concluding that Mr. McCloud was insolvent at the time of the transfer of the Bairsford property. As a result, appellant claims the trial court improperly found that the 1989 transfer constituted a fraudulent conveyance.

■ A fraudulent conveyance may be established under former R.C. 1336.04 or 1336.05 upon proof that (1) the debtor [Mr. McCloud] was insolvent at the time of transfer or would be made so by the transfer in issue, and (2) the transfer was made without fair consideration. *Sease v. John Smith Grain Co.* (1984), 17 Ohio App.3d 223, 225, 17 OBR 489, 491, 479 N.E.2d 284, 288, citing *Cellar Lumber Co. v. Holley* (1967), 9 Ohio App.2d 288, 38 O.O.2d 341, 224 N.E.2d 360. Neither intent of the debtor nor knowledge of the transferee need be proven. *Id.* Both

*Sease* and *Cellar Lumber* construed the former statute in existence at the time of the transfer at issue here.

"Insolvency" was defined by former R.C. 1336.02 as follows:

"A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."

"Debt" was defined by former R.C. 1336.01(D) as follows:

" 'Debt' includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."

The referee found that, if the former statute applied, bringing contingent liabilities within the definition of debt under the statute, Mr. McCloud would have been insolvent at the time of the transfer. The referee stated that "[t]he facts indicate that if all debts were called due against Mr. McCloud with respect to his guarantees whether in 1989 or 1990, his worth would have been insufficient to cover his liabilities."

The trial court adopted this finding. Although the transcript of the oral hearing on objections is part of the record in this appeal, the transcript of the proceedings before the referee and the exhibits admitted into evidence are not before this court. Without the benefit of the transcript and exhibits, this court must defer to the trial court's findings and presume its validity. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385; *Kincaid v. Hosfelt* (Oct. 1, 1991), Franklin App. No. 91AP–374, unreported, 1991 WL 224219.

■ Appellant disputes the "probable liability" of Mr. McCloud because the value of the real property securing appellee's loans was allegedly sufficient to cover the debt which Mr. McCloud personally guaranteed. Appellee argues that the underlying "mortgaged" property is a corporate asset of which Mr. McCloud can claim only twenty-five percent as an asset on his financial statement. His assets, appellee claims, were therefore sufficient to support the $6,000,000 personal guarantees. Former R.C. 1336.01(A), as applicable here, however, provided that:

" 'Assets' of a debtor means property not exempt from liability for his debts. To the extent that any property is liable for any debts of the debtor, such property shall be included in his assets."

This statutory definition of "assets" appears to include the corporate real property which was securing appellee's loans. In addition, for purpose of insolvency, determination of value must be as of the date of the transfer and not the later date of the filing of this suit in 1991.

We have previously noted that " '[a] person largely indebted cannot make a voluntary conveyance of his property without the most careful regard for the rights of his creditors. Such a conveyance is void as to existing creditors, unless property is retained, clearly and beyond doubt, sufficient to pay all the grantor's debts, for it is considered to be in fraud of such creditors. * * * ' " *Cellar Lumber,* 9 Ohio App.2d at 291, 38 O.O.2d at 343, 224 N.E.2d at 363, citing 25 Ohio Jurisprudence 2d (1957) 442, Fraudulent Conveyances and Preferences, Section 27. Absent a transcript of the evidence relied upon below, the trial court's finding of insolvency with regard to the transfer of the Bairsford property is presumed valid. *Knapp.*

Appellant's third assignment of error is overruled.

In her fourth assignment of error, appellant claims that since the trial court did not have a transcript of the evidence before it, it was without power to alter the referee's findings of fact. The trial court's finding of insolvency with regard to the transfer of the Birdsong property was addressed in the first assignment of error. Any error as to this finding has been rendered moot. With regard to the Bairsford property, the trial court noted from the face of the report that the conclusions of law were based upon an incorrect version of R.C. Chapter 1336. The referee stated that, if the old version applied (as the trial court held it did so apply), Mr. McCloud would have been insolvent at the time of the 1989 transfer. The trial court, in effect, adopted this finding.

Appellant's fourth assignment of error is overruled.

Appellant's first assignment of error is sustained, and appellant's second, third and fourth assignments of error are overruled. The judgment of the trial court is reversed in part and affirmed in part and this cause is remanded to the trial court for further procedure consistent with this opinion.

*Judgment reversed in part,*
*affirmed in part*
*and cause remanded.*

TYACK and DESHLER, JJ., concur.