CRESHO, Appellant,

v.

CRESHO et al., Appellees.

[Cite as *Cresho v. Cresho* (1994), 97 Ohio App.3d 5.]

Court of Appeals of Ohio,
Ashtabula County.

No. 93–A–1824.

Decided Aug. 15, 1994.

*Scott D. Maybaum,* for appellant.

*James C. Warren,* for appellees.

NADER, Judge.

This appeal is from the Ashtabula County Court of Common Pleas, in which the trial court entered judgment in favor of defendant-appellee, George M. Cresho, and against plaintiff-appellant, Anna Cresho, on her cause of action seeking to have a conveyance set aside as fraudulent.

The parties were divorced in 1971. The divorce decree provided that the marital residence was to remain in the Creshos' joint names, that appellant was to reside there and raise the minor children, and that appellee was responsible for the mortgage payments.

On April 27, 1987, appellee initiated an action in the Summit County Court of Common Pleas in which he sought to modify the divorce decree by requesting an order for the sale of the marital residence. Appellant responded by filing a motion in the action for a judgment on child support arrearages and past due mortgage payments.

On November 12, 1987, the trial court in the domestic relations action entered a *nunc pro tunc* judgment entry granting child support arrearages in the amount

of $3,870, which had been awarded in 1978 by a judgment which was never journalized. This *nunc pro tunc* judgment entry was not appealed.

On October 19, 1988, the Summit County Court of Appeals held that the trial court was without jurisdiction to modify the original decree of divorce and ordered the sale of the marital residence. *Cresho v. Cresho* (Oct. 19, 1988), Summit App. No. 13555, unreported, 1988 WL 110912, motion for leave to appeal overruled (1989), 41 Ohio St.3d 717, 535 N.E.2d 313. The court noted, however, that an action in partition might be available to Mr. Cresho.[1] The judgment of the trial court was reversed, and the action remanded on the issue of Mrs. Cresho's motion for past due mortgage payments.

On remand, the trial court granted Mrs. Cresho's motion for a directed verdict and entered judgment in the amount of $15,167.55 on April 5, 1989. The court of appeals affirmed this judgment on November 15, 1989. *Cresho v. Cresho* (Nov. 15, 1989), Summit App. No. 14090, unreported, 1989 WL 139450.

Appellee's mother, Mary Cresho, executed a quitclaim deed transferring title to property located in Hartsgrove Township, Ashtabula County (subject property), to appellee on September 9, 1988. The stated consideration for this transfer was "love and affection." The property was unencumbered at this time by any lien, mortgage, or other restriction or reservation. The deed was recorded on September 14, 1988.

On November 10, 1988, appellee obtained a mortgage loan of $20,000 from Capital Financial Services, Inc. ("Capital") which was secured by the subject property. Appellee used the loan proceeds to consolidate existing debts, and received $1,255.75 for his own personal use.

On February 22, 1989, immediately prior to the trial in the domestic relations court on the past due mortgage payments liability of appellee, a quitclaim deed was executed transferring the subject property back to his mother. The transfer was without monetary consideration, and was recorded on March 22, 1989.

On February 20, 1990, appellant filed the instant action seeking to set aside the conveyance of the subject property from appellee to his mother. Motions for summary judgment by both parties were overruled. The case was tried before the court on December 23, 1992.

Mary Cresho did not testify at the trial. Appellee, however, testified that he and Mary had agreed that the subject property would be deeded to him for the sole purpose of obtaining a mortgage loan, and that, after this was accomplished, ownership of the property would be returned to Mary.

---

1. The record in the instant case fails to reflect that either party has pursued this avenue of relief.

Appellant elicited testimony from appellee that in September 1988, prior to receiving title ownership of the subject property, appellee's assets were limited to the one-half interest in the marital property and a "junker car." Appellee testified that he was earning approximately $400 per month, and that his monthly expenses were $1,000. These same conditions were also said to exist in February of 1989, when the deed transferring the subject property to Mary Cresho was executed.

Appellee used nearly all of the proceeds from the mortgage loan to consolidate existing debts. However, appellee stated at trial in conclusory terms that, subsequent to the transfer of the subject property to his mother, he was insolvent. In fact, appellee stated, "I have been insolvent all my life." There was some mention at trial that appellee's half interest in the marital property may have been subject to state sales tax liens, but no evidence establishing the existence or amount of such liens was introduced. A review of the record on appeal fails to reveal any indication of the value of appellee's half interest in the marital residence.

The trial court entered its judgment on August 26, 1993. The court found appellee's testimony concerning the purpose behind the transfers of the subject property to be credible. The decision states that, while the scheme between appellee and his mother may have been fraudulent as to Capital, there was no intent to hinder, delay or defraud appellant as a creditor of appellee. The trial court found that appellee was insolvent both before and after the transfers between appellee and Mary. The trial court also stated that appellant could seek to satisfy her judgments against appellee from appellee's half interest in the marital residence.

Appellant presents one assignment of error:

"The trial court erred to the prejudice of appellant in failing to find that the transfer of realty from George Cresho to Mary Cresho was a fraudulent conveyance."

The initial point of analysis is that appellant's claim is to be applied against the substantive provisions of R.C. Chapter 1336 as it existed when the conveyances complained of occurred, which was prior to the chapter being repealed and replaced with new provisions effective September 28, 1990. R.C. 1.58; R.C. 1.48; *Fifth Third Bank of Columbus v. McCloud* (1993), 90 Ohio App.3d 196, 199, 628 N.E.2d 131, 133; *Profeta v. Lombardo* (1991), 75 Ohio App.3d 621, 625, 600 N.E.2d 360, 362–363.

The prior version of R.C. 1336.04 provided:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to

his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

Under this constructive fraud provision, a fraudulent conveyance is established where two elements are found: (1) the debtor was insolvent at the time of transfer or would be made insolvent by the transfer at issue; and (2) the transfer was made without fair consideration. *McCloud,* 90 Ohio App.3d at 199, 628 N.E.2d at 133; *Brougher v. Hotchkiss* (Oct. 25, 1991), Geauga App. No. 90–G–1606, unreported, at 5, 1991 WL 216937. If both these prongs are met, the transfer is deemed "fraudulent as a matter of law." *Brougher* at 5, citing *Sease v. John Smith Grain Co.* (1984), 17 Ohio App.3d 223, 225, 17 OBR 489, 492, 479 N.E.2d 284, 288. Neither the intent of the debtor nor the knowledge of the transferee need be proven. *Brougher* at 5, citing *Cellar Lumber Co. v. Holley* (1967), 9 Ohio App.2d 288, 38 O.O.2d 341, 224 N.E.2d 360.

There are circumstances which so frequently attend fraudulent transfers that the inference of fraud has been held to arise from them, and may shift the burden of proof to the defendant to show fair consideration. *Cardiovascular & Thoracic Surgery of Canton, Inc. v. DiMazzio* (1987), 37 Ohio App.3d 162, 524 N.E.2d 915, paragraph one of the syllabus; *Brougher* at 5. The following "badges of fraud" are clearly present in the case *sub judice:* inadequate monetary consideration for the transfer from appellee to his mother, close familial relationship between the transferor and transferee, and the pendency of litigation involving a contingent debt. *Profeta,* 75 Ohio App.3d at 627, 600 N.E.2d at 364; *DiMazzio* at paragraph two of the syllabus. By reason of the presence of the badges of fraud, the presumption was strong enough to shift the burden to appellee to show fair consideration for the transfer. The relevant issue, then, is whether appellee sustained his burden of proof.

In *Profeta,* Frank Lombardo and his son's company, Lake Toyota, engaged in a scheme to permit the son to display two vehicles owned by Lake Toyota in a car show closed to dealers. The parties pre-signed four titles and powers of attorney to effectuate the transfer of ownership of the two vehicles from Lake Toyota to Frank Lombardo and then back to Lake Toyota. A creditor of Frank Lombardo, John Profeta, later brought suit to void the second set of transfers to Lake Toyota. This court concluded that the transfers to Lake Toyota were fraudulent conveyances, and upheld the trial court's judgment voiding them, stating:

"Lake Toyota contends that its initial transfers to Frank P. Lombardo, for the purpose of circumventing the rules of the car show, were invalid since there was no valuable consideration exchanged when the vehicles were transferred back and forth between the parties.

"Essentially, appellants want to use their initial scheme to commit fraud upon the car show as a defense to the later fraudulent transfers from Frank Lombardo to Lake Toyota. As the trial court aptly noted, appellants are related and both have 'unclean hands.' They cannot be allowed to benefit from their fraudulent schemes." *Id.* at 627, 600 N.E.2d at 364.

This conclusion applies equally to the facts in the present case. Accordingly, there was no fair consideration for the challenged transfer.

■ The trial court below, unlike the trial court in *Profeta*, found that the debtor had no intent to hinder, delay, or defraud the creditor-plaintiff. However, the constructive fraud provision of former R.C. 1336.04 directs that transfers which satisfy the two elements contained therein constitute fraudulent conveyances "without regard to [the debtor's] actual intent." Consequently, a conveyance may be set aside as fraudulent even though there may have been no actual intent to defraud. See 24 Ohio Jurisprudence 3d (1980), Creditor's Rights and Responsibilities, Section 753.

■ However, there is no competent, credible evidence to support the trial court's finding that appellee was rendered insolvent by the transfer of the subject property to his mother.

The trial court's judgment is inconsistent as it determines appellee to have been rendered insolvent by the transfer, after finding that appellee had no intent to defraud appellant, but then states that appellant "has the ability to look to [the half interest in the marital home] to satisfy her judgment against [appellee], which she has chosen not to do."

It follows that, if appellee's interest in the marital home is sufficient to satisfy appellant's creditor claims, then appellee was not rendered insolvent by the transfer of the property.

■ The trial court's statement is only relevant, however, in raising the issue of the value of appellee's interest in the marital residence. There is no evidence in the record to establish this value. Appellee's pronouncement that "I have been insolvent all my life" is not competent, credible evidence of insolvency, and neither is the reference to state sales tax liens, the existence of which appellee could neither affirm nor deny. Appellant cannot selectively ignore this asset, as it must be included in reaching a determination pursuant to the insolvency requirement of R.C. 1336.04. See R.C. 1336.01(B).

We conclude that the trial court erred in entering judgment in favor of appellee based upon a finding of an absence of actual intent to defraud, and that appellant's assignment of error has merit to the extent it challenges this legal error. However, as there is no competent, credible evidence tending to show

insolvency, a judgment for appellant cannot be rendered as a matter of law. Cf. *Profeta* at 628, 600 N.E.2d at 364. Rather, the cause must be remanded for further proceedings on the issue of appellee's solvency or insolvency following the transfer of the subject property to Mary Cresho.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.