### In re BRENNA E. et al.

[Cite as *In re Brenna E.* (1997), 124 Ohio App.3d 143.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–97–007.

Decided Nov. 21, 1997.

*Margaret G. Bell,* for appellant.

*William Bish,* Williams County Prosecuting Attorney, and *Craig L. Roth,* Assistant Prosecuting Attorney, for appellee.

*Per Curiam.*

This case is before the court on appeal from a judgment of the Williams County Court of Common Pleas, Juvenile Division, granting permanent custody of Brenna E., born October 12, 1992, and Jessup E., born August 30, 1993, to appellee, the Williams County Department of Human Services ("WCDHS"). Appellant, the natural mother of Brenna and Jessup, appeals that judgment and sets forth the following assignments of error:

"The trial court erred to [*sic*] concluding that reasonable efforts had been taken by the Department of Human Services to reunite the family or to avoid the

placements, when there was undisputed evidence that the department had done nothing to inquire into or to resolve the known health problems.

"The trial court erred in finding that the children could not be returned to their mother within a reasonable time when efforts at treatment for mental health conditions had not been tried, due to the neglect of the Department of Human Services to disclose information in their possession."

We find that this court must disregard appellant's assignments of error and must reverse this case on the basis that the juvenile court lacked the authority to consider the children services agency's motion for permanent custody.

On August 6, 1996, WCDHS filed a complaint in dependency and neglect, seeking temporary custody of Brenna and Jessup. In an entry journalized August 27, 1996, the court found Brenna and Jessup dependent children and, pursuant to R.C. 2151.353(A)(2), awarded temporary custody of the children to WCDHS. On January 6, 1997, WCDHS filed a motion requesting permanent custody of Brenna and Jessup.

At the time of the filing of the motion for temporary custody, R.C. 2151.413 read:

"(A) A public children services agency or private child placing agency that, pursuant to an order of disposition under division (A)(2) of section 2151.353 of the Revised Code or under any version of section 2151.353 of the Revised Code that existed prior to the effective date of this amendment, is granted temporary custody of a child who is not abandoned or orphaned * * * may file a motion in the court that made the disposition of the child requesting permanent custody of the child *if a period of at least six months has elapsed since the order of temporary custody was issued* * * *." (Emphasis added.)

Thus, under the former statute, a children services agency was required to have temporary custody of a child for at least six months immediately preceding the filing of a motion for permanent custody. See *In re Hayes* (1997), 79 Ohio St.3d 46, 679 N.E.2d 680, syllabus. Appellee had temporary custody of Brenna and Jessup for only slightly over four months immediately prior to the filing of its motion for permanent custody. Therefore, under the former version of the statute, the trial court lacked the authority to grant the motion for permanent custody. *Id.* at 49, 679 N.E.2d at 683–684.

Nevertheless, R.C. 2151.413(A), as effective September 18, 1996, eliminated the six months of continuous temporary custody as a prerequisite to the filing of a motion for permanent custody under R .C. 2151.413(A). Consequently, if the amendment is applicable to a pending case, WCDHS was required to have temporary custody of Brenna and Jessup only immediately preceding the motion

for permanent custody, and the juvenile court had the authority to grant that motion.

■ Generally, a statute is presumed to be prospective unless it is expressly made retrospective by the legislature. R.C. 1.48; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 105, 522 N.E.2d 489, 494–495. Therefore, in the absence of a clear legislative intent to the contrary, the statute applies only to cases that arise subsequent to the enactment. *Id.* at 106, 522 N.E.2d at 495–496. Further, R.C. 1.58 provides:

"(A) The * * * amendment * * * of a statute does not * * *:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any * * * right, * * * obligation, or liability previously acquired, accrued, accorded, or incurred thereunder,

" * * *

"(4) Affect any * * * proceeding, or remedy in respect of any such * * * obligation, liability, * * * and the * * * proceeding, or remedy may be instituted, continued, or enforced, * * * as if the statute had not been repealed or amended."

■ Thus, R.C. 1.58 acts as a savings clause to all statutes that amend prior legislation and, absent express provision in the amending act, make the law as it existed before the amendment applicable to all pending cases. *Woodward v. Eberly* (1958), 167 Ohio St. 177, 4 O.O.2d 223, 147 N.E.2d 255, paragraphs one and two of the syllabus; *Fifth Third Bank of Columbus v. McCloud* (1993), 90 Ohio App.3d 196, 199, 628 N.E.2d 131, 133.

■ In the present case, amended R.C. 2151.413 does not specifically express an intent that it be applied retrospectively. Therefore, it may not be applied to causes of action which accrued prior to its effective date. *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d at 104, 522 N.E.2d at 494. The trial court acquired jurisdiction over this case, adjudicated Brenna and Jessup dependent children, and awarded temporary custody of these children to WCDHS prior to the effective date of the amendment to R.C. 2151.413(A). Consequently, at the time the children services agency filed its motion for permanent custody, this cause was a pending case, requiring the application of the former version of R.C. 2151.413. In applying that statute, we find WCDHS did not have temporary custody of Brenna and Jessup for the six months immediately preceding the motion for permanent custody. Accordingly, the juvenile court lacked the authority to grant said motion.

For this reason, we need not and shall not reach the merits of appellant's assignments of error. The judgment of the Williams County Court of Common Pleas, Juvenile Division, is reversed, and the cause is remanded for further proceedings consistent with this judgment. See *In re Jasmine B.* (Sept. 19, 1997), Lucas App. No. L–96–072, unreported, 1997 WL 586691. The Williams County Department of Human Services is ordered to pay the costs of this appeal.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK, P.J., GLASSER and SHERCK, JJ., concur.