DECISION AND JUDGMENT ENTRY
This is an appeal and cross-appeal from judgments of the Ottawa County Court of Common Pleas that denied appellants' motion to dismiss appellee's complaint for discovery as well as two motions filed by appellee in the same matter. For the reasons that follow, this court reverses the judgment of the trial court as to the motion to dismiss and affirms the trial court as to appellee's two motions.
The facts that are relevant to the issues raised on appeal are as follows. This matter originated as an action for pre-suit discovery pursuant to R.C. 2317.48 initiated by appellee/cross-appellant Kellen R. Smith ("appellee") against appellants/cross-appellees Elsebeth and Joseph Baumgartner ("appellants"). At the time the complaint was filed, appellee was president of the Benton — Carroll — Salem Board of Education since January 2000. Appellant Joseph Baumgartner was at that time a member of the same board of education. On October 31, 2000, appellee filed a "COMPLAINT FOR DISCOVERY" in which he claimed that during June, July and September 2000, one or both of the appellants published or caused to be published false and misleading statements which injured appellee's reputation and business. Appellee alleged that the statements were published by way of three letters to separate individuals and one letter to the Ottawa County Exponent. Appellee further stated in the complaint that the publications were made without investigation or knowledge of the truth and with reckless disregard for their truth or falsity. Appellee stated that it was presently unknown whether appellants had actual knowledge that the publications were false or whether they had "actual malice" toward him when making the false publications. Appellee alleged that the "defamatory falsehoods" in the letters were repeated and republished on a date or dates not then known to appellee and that they constituted libel per se. Appellee requested information as to the "actual knowledge" of appellants and their "actual malice" through answers to interrogatories attached to the complaint. Appellee stated that such information was necessary in order to determine his claims and rights against appellants as well as whether to file a civil complaint for defamation, and requested the information by authority conferred under R.C. 2317.48. The discovery requested consisted of five interrogatories with a total of forty-eight questions dealing with the correspondence referenced above to the Ottawa County Prosecutor and an Ottawa County detective, correspondence from a member of the board of education to the counsel for the board, and the letter published in the Ottawa County Exponent.
On December 1, 2000, appellee filed a motion asking the trial court to order appellants to answer the interrogatories. On that date, the trial court entered an order requiring appellants to respond to the interrogatories within thirty-one days. On January 10, 2001, when appellants still had not served answers to the interrogatories, appellee filed a motion to compel, to show cause why the trial court should not hold them in contempt, and for sanctions. In his supplemental brief filed in support of this motion, appellee stated that the purpose of the action was to gain information that would enable him "to determine whether or not his defamation claims are viable in light of the stringent proof requirements of public figure defamation law."
On February 14, 2001, appellants filed a motion to dismiss appellee's complaint or, in the alternative, for judgment on the pleadings, pursuant to Civ.R. 12(B) and (C). In their motion, appellants asserted that appellee's complaint did not state a cause of action under R.C. 2317.48. Appellants argued that appellee was seeking discovery to determine whether he had a cause of action rather than as a means of acquiring details necessary to prepare a complaint on a claim already possessed. Appellants further argued that appellee had not complied with any of the requirements of Civ.R. 34(D) which include making reasonable efforts to obtain information voluntarily before seeking it through a discovery action.
Also on February 14, 2001, appellants filed an amended answer to the complaint for discovery and asked the trial court to dismiss the complaint. Appellee then filed a brief in opposition to appellants' motion and appellants filed a reply. On March 29, 2001, the trial court filed a judgment entry granting appellee's request for discovery in which it found that the discovery was necessary for appellee to determine whether he was justified in bringing a cause of action for defamation. The trial court further found that the interrogatories submitted by appellee were sufficiently limited in scope to the facts necessary to state a cause of action. The trial court ordered appellants to respond to the interrogatories by May 1, 2001. It is from that judgment that appellant appeals.
Appellee has filed a cross-appeal from two judgment entries filed on April 24, 2001, one of which denied appellee's motion to assess sanctions and another which denied appellee's motion to compel, to require appellants to show cause and for sanctions.
 Appellants' appeal
Appellants set forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO DISMISS, BECAUSE THE APPELLEE FAILED TO STATE A CLAIM PERMITTING PRE-SUIT DISCOVERY PURSUANT TO R.C. 2317.48.
"ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO DISMISS, BECAUSE THE TRIAL COURT LACKED JURISDICTION DUE TO THE APPELLEE'S FAILURE TO COMPLY WITH THE PREREQUISATE (sic) REQUIREMENTS OF CIV.R. 34(D)."
In their first assignment of error, appellants assert that appellee was using the complaint for discovery as a "fishing expedition" to determine whether he had a claim rather than as a proper exploration of details necessary to prepare a complaint upon a claim already determined.
R.C. 2317.48 provides that if a party "claiming to have a cause of action" against another is unable to file his complaint without the discovery of a fact from the adverse party, he "may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought."
As explained above, appellee in his complaint for discovery averred that appellants had published or caused to be published "defamatory falsehoods" about him, and that he could not presently determine whether appellants knew the statements to be false and whether they were made with "actual malice." Appellee stated that he needed such information, which could be provided through answers to certain interrogatories, "in order to determine the claims and rights against [appellants] and to assess whether to file a civil complaint for defamation against [appellants]."
In Poulos v. Parker Sweeper Co. (1989), 44 Ohio St.3d 124, 127, the Supreme Court of Ohio explained that R.C. 2317.48 "occupies a small niche between an unacceptable `fishing expedition' and a short and plain statement of a complaint or a defense filed pursuant to the Civil Rules." The Supreme Court held that the plaintiff in Poulos was entitled to answers to interrogatories "limited and directed toward only those facts necessary to draft a complaint." Id. at 127.
A careful review of the complaint for discovery in this case reveals that appellee admitted he did not know whether appellants had knowledge that the statements in question were false and that he did not know whether appellants had "actual malice." Appellee's inquiry was not specific and focused but rather quite broad-based, and the issues about which appellee sought information did not constitute "facts necessary to the complaint." In appellee's supplemental brief filed in support of his motion to compel, he stated that the purpose of his complaint was to determine whether or not his claim was viable. In the complaint itself, appellee stated that he needed the requested information "in order to determine the claims and rights against [appellants] and to assess whether to file a civil complaint for defamation against [appellants]." Based on the foregoing, particularly on appellee's own statements, it appears to this court that his complaint was not seeking facts necessary to state a cause of action which he already believed to exist, but was aimed at obtaining information necessary to determine whether he had a cause of action at all. Accordingly, we find that appellee's complaint for discovery was not within the scope of R.C. 2317.48 and that appellants' motion to dismiss should have been granted. Appellants' first assignment of error is well-taken.
Based on our finding as to appellants' first assignment of error, appellants' second assignment of error setting forth additional arguments as to how the trial court erred by not granting their motion to dismiss is moot.
 Appellee's cross-appeal
Appellee sets forth the following assignments of error in support of his cross-appeal:
"CROSS-APPELLANT'S ASSIGNMENT OF ERROR NO. 1
 "The Trial Court Erred In Failing To Award Attorneys' Fees To Cross-Appellant In Connection With The Motion For Sanctions Filed On January 10, 2001."
"CROSS-APPELLANT'S ASSIGNMENT OF ERROR NO. 2
 "The Trial Court Erred In Overruling Without A Hearing Cross-Appellant's Motion To Assess Sanctions Against Cross-Appellee Elsebeth Baumgartner For Filing A Patently Baseless Motion To Disqualify Opposing Counsel."
In his first assignment of error, appellee asserts that the trial court should have awarded him attorney fees for expenses relating to the motion to compel, to require appellants to show cause, and for sanctions which he filed on January 10, 2001. Appellee had filed the motion after appellants failed to respond to the interrogatories following the trial court's December 1, 2000 order that they do so within thirty-one days of service of the order. On April 24, 2001, the trial court summarily denied appellee's motion following a hearing held on March 30, 2001. Ignoring the trial court's order denying the motion, however, appellee refers to himself as the "successful moving party" on the motion to compel. In support of his argument, appellee cites Civ.R. 37, which governs the award of attorney fees in connection with a successful motion to compel. This court notes that there is no indication in the record that appellee asked the trial court for an award of attorney fees in connection with his motion.
"An award of attorney fees is a matter within the sound discretion of the trial court." Layne v. Layne (1992), 83 Ohio App.3d 559, 568. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Based on the foregoing, this court finds that the trial court did not abuse its discretion in failing to award appellee attorney fees, and appellee's first cross-assignment of error is not well-taken.
In his second cross-assignment of error, appellee asserts that the trial court erred by denying without a hearing his April 9, 2001 motion to assess sanctions against Elsebeth Baumgartner for frivolous conduct. Elsebeth Baumgartner, in addition to being a party to this action, is also an attorney. On January 25, 2001, acting as counsel of record for both herself and her husband, she filed a motion to disqualify appellee's counsel. Before the trial court could rule on the motion to disqualify, the Baumgartners retained other counsel, who filed a notice of withdrawal of the motion on February 14, 2001. The trial court summarily and without hearing overruled appellee's motion to assess sanctions on April 24, 2001.
R.C. 2323.51(B) clearly requires that before attorney fees may be assessed for frivolous conduct, the trial court must conduct a hearing.Spangler v. Redick (1991), 74 Ohio App.3d 798. A hearing is not required, however, where the trial court has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless or redundant. Huddy v. Toledo Oxygen Equipment Co. (May 8, 1992), Lucas App. No. L-91-328, unreported.
In this case, the trial court had the opportunity over several months to observe the parties in action and analyze their motives. It appears to this court that the trial court had sufficient evidence on which to base its determination that there was not a sufficient showing of frivolous conduct to warrant a hearing to consider the matter further. Additionally, appellants withdrew their motion to disqualify appellee's counsel five days after appellee filed his motion for sanctions. Based on the foregoing, we find that the trial court did not err by denying without a hearing appellee's motion for sanctions, and appellee's second cross-assignment of error is not well-taken.
Upon consideration whereof, the March 29, 2001 judgment of the Ottawa County Court of Common Pleas denying appellants' motion to dismiss appellee's complaint for discovery is reversed. The April 24, 2001 judgments of the Ottawa County Court of Common Pleas denying appellee's motion to assess sanctions and denying appellee's motion to compel are affirmed. This matter is remanded to the trial court for further proceedings consistent with this decision. Costs are assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.